```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE_____ 7-14-04
```

FILED
IN OFFICE

2004 JUL 12 P 3:25

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

FIREMAN'S FUND INSURANCE
COMPANY
As Subrogee of
Hodan Properties, Inc.
777 Marin Drive
Novado, California    94998
    Plaintiff

v.

FIRE SYSTEMS, INC.
955 Reed Road
North Dartmouth, MA    02747

and

FIRE SUPPRESSION SYSTEMS OF
NEW ENGLAND, INC.
70 Bacon Street
Pawtucket, RI    02860

and

PRO CON, INC.
1359 Hooksett Road
Hooksett, NH    03106

and

BRIERE & PAQUETTE, INC. f/k/a
PAQUETTE ELECTRIC CO., INC.
63 Alden Street, P.O. Box 4160
Fall River, MA    02723
    Defendants

CIVIL ACTION NO.

**04-11578 PBS**

JURY TRIAL DEMANDED

MAGISTRATE JUDGE _____

JULY 9, 2004

## **COMPLAINT**

NOW COMES Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") by and through its undersigned counsel, hereby demands judgment against Defendant Fire Systems, Inc. (hereinafter "Fire Systems"), Defendant Fire Suppression Systems of New England, Inc. (hereinafter "Fire Suppression"), Defendant Pro Con, Inc. (hereinafter "Pro Con") and Defendant Briere & Paquette, Inc. f/k/a Paquette Electric Co., Inc. (hereinafter "Paquette Electric"), and in support thereof avers as follows:

1. Plaintiff, "FFIC" is a corporation organized an existing under laws of the State of California with a principal place of business at 777 San Marin Drive, Novado, California 94998 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant Fire Systems is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 955 Reed Road, North Dartmouth, MA 02747.

3. Defendant Fire Suppression is a corporation duly organized and existing under the laws of the State of Rhode Island with a principal place of business located at 70 Bacon Street, Pawtucket, RI 02860.

4. Defendant Pro Con is a corporation duly organized and existing under the laws of the State of New Hampshire with a principal place of business located at 1359 Hooksett Road, Hooksett, NH 03106.

5. Defendant Paquette Electric is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office located at 63 Alden Street, P.O. Box 4160, Fall River, MA 02723

**JURISDICTION AND VENUE**

6. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of One Million Eight Hundred and Twenty Eight Thousand Four Hundred and Eighty Three Dollars ($1,828,483.00) and there is diversity of citizenship between Plaintiff and Defendants.

7. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

8. Plaintiff's insured, Hodan Properties, Inc. (hereinafter "Hodan"), at all times mentioned herein was the owner of the commercial real property known as Marriot Residence Inn, located at 181 Faunce Corner Road, North Dartmouth, MA (hereinafter referred to as "the premises").

9. Prior to January 19, 2003, FFIC issued a policy of insurance to Hodan, Policy Number MZX80803214 which provided insurance coverage for the premises.

10. At all times relevant to this complaint, Defendant Fire Systems was engaged in the fire alarm and fire suppression systems business and was responsible for inspecting, testing and/or maintaining the fire alarm and fire suppression system located at the premises.

11. At all times relevant to this complaint, Defendant Fire Suppression was engaged in the fire alarm and fire suppression systems business and was responsible for installing the fire suppression system at the premises.

12. At all times relevant to this complaint, Defendant Pro Con was engaged in the construction business as a general contractor and was responsible for the construction,

and supervision of construction of the premises.

13. At all times relevant to this complaint, Defendant Paquette Electric was engaged in the electrical device installation business and was responsible for the installation of the alarm system located at the premises.

14. On January 19, 2003, a pipe burst in the dry-pipe fire suppression system located at the premises causing extensive damage.

15. In due course, FFIC was notified by its insured that the insured premises had been damaged on or about January 19, 2003.

16. Pursuant to the terms and conditions of the policy, FFIC made payments to its insured in excess of $1,828,483.00.

17. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, FFIC is subrogated to the rights of its insured.

## COUNT 1
## BREACH OF CONTRACT
### (FFIS vs. FIRE SYSTEMS)

18. The Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

19. On or about June 6, 2002, Hodan contracted with Fire Systems, via written agreement, for Fire Systems to test and inspect the fire alarm and fire suppressions systems at the premises for a period of twelve months.

20. Fire Systems breached aforesaid contract by:

    (a) Failing to properly and adequately test the fire alarm system at the premises; and

(b) Failing to properly and adequately test the fire suppression system at the premises.

21. As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Systems in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

## COUNT II
## NEGLIGENCE
## (FFIS vs. FIRE SYSTEMS)

22. Plaintiff incorporates by reference each every allegation as set forth above and below as though the same were fully set forth herein at length.

23. The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Fire Systems, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) Failing to properly and adequately inspect and/or test the fire alarm system at the premises;

(b) Failing to drain the dry sprinkler system after its testing;

(c) Failing to properly and adequately inspect and/or test the fire suppression system at the premises;

(d) Failing to detect problems with the installation and design of the

dry sprinkler system;

(e) Failing to notify the Plaintiff's insured of defects in the design or installation of the dry sprinkler system; and

(f) Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Systems in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

## COUNT III
## BREACH OF CONTRACT
### (FFIS vs. FIRE SUPPRESSION)

22. The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

23. Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment, contracted with Fire Suppression to install a fire suppression system at the premises, including, but not limited to, a dry-pipe sprinkler system.

24. Fire Systems breached aforesaid contract by:

(a) Failing to properly and adequately install the fire suppression system at the premises; and

(b) Failing to ensure that the fire suppression system was functional and safe.

25. As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Suppression in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT IV**
**NEGLIGENCE**
**(FFIS vs. FIRE SUPPRESSION)**

26. Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

27. The installation activities conducted by the Defendant Fire Suppression and the resulting damages sustained by the Plaintiff were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Fire Suppression, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) Failing to properly and adequately install the fire suppression system at the premises;

(b) Failing to properly and adequately ensure that the fire suppression system was functional and safe;

(c) Failing to properly inspect the fire suppression system;

(d) Failing to install and design the piping of the fire suppression system with the proper pitch;

(e) Failing to purge the fire suppression system of water after its testing; and

(f) Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Suppression in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT V**
**BREACH OF CONTRACT**
**(FFIS vs. PRO CON)**

28.     The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

29.     Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment its contracted with Pro Con to act as general contractor for the construction of the premises, including, but not limited to, the fire alarm and fire suppression systems.

30.     Pro Con breached aforesaid contract by:

    (a)     Failing to properly and adequately install the fire suppression system at the premises;

    (b)     Failing to ensure that the fire suppression system was functional and safe;

    (c)     Failing to properly and adequately install the fire alarm system at the premises; and

    (d)     Failing to properly and adequately ensure that the fire alarm system was functional and safe;

31.     As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Pro Con in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

### COUNT VI
### NEGLIGENCE
### (FFIS vs. PRO CON)

32. Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

33. The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Pro Con, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

  (a) Failing to properly oversee and inspect the installation of the fire suppression system at the premises;

  (b) Failing to properly oversee and inspect the installation of the fire alarm system at the premises;

  (c) Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Pro Con in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

### COUNT VII
### BREACH OF CONTRACT
### (FFIS vs. BRIERE & PAQUETTE, INC. F/K/A
### PAQUETTE ELECTRIC, CO. INC.)

34.  The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

35.  Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment its contracted with Paquette Electric to install a fire alarm system at the premises.

36.  Paquette Electric breached aforesaid contract by:

   (a) Failing to properly and adequately install the fire alarm system at the premises; and

   (b) Failing to ensure that the fire alarm system was functional and safe.

37.  As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Paquette Electric in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT VIII**
**NEGLIGENCE**
**(FFIS vs. BRIERE & , INC. F/K/A**
**PAQUETTE ELECTRIC CO., INC.)**

38.  Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

39.  The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Paquette Electric, its agents, servants, and/or employees acting within the scope and course of their

employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

    (a)    Failing to properly and adequately install the fire alarm system at the premises;

    (b)    Failing to properly and adequately ensure that the fire alarm system was functional and safe;

    (c)    Failing to properly test and inspect the fire alarm system; and

    (d)    Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Paquette Electric in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

Dated: July 9, 2004

                                      THE PLAINTIFF,

By: _____
                                      Erik Loftus, Esq.
                                      Law Offices of Stuart G. Blackburn
                                      2 Concorde Way
                                      P.O. Box 608
                                      Windsor Locks, CT 06096
                                      Tel. (860) 292-1116
                                      Fax (860) 292-1221
                                      BBO # 656315

JS 44
(Rev. 3/99)

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Fireman's Fund Insurance Company a/so Hodan Properties, Inc. | Fire Systems, Inc.; Fire Suppression Systems of New England, Inc.; Pro Con, Inc.; and Briere & Paquette, Inc. f/k/a Paquette Electric Co. Inc. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Bristol (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Bristol (U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Erik Loftus, Esq. Law Offices of Stuart G. Blackburn Two Concorde Way, PO Box 608 Windsor Locks, CT 06096 860-292-1116 | ATTORNEYS (IF KNOWN) 04-11578 PBS |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT Plaintiff
☐ 2 U.S. GOVERNMENT Defendant
☐ 3 FEDERAL QUESTION (U.S. Government Not a Party)
☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury-- Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☒ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 550 Other | | | |

**V. ORIGIN** (PLACE AND X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Common law negligence/Breach of contract

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 | DEMAND in excess of $1,828,483.00 | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASES(S) IF ANY** (See instructions):

NONE           JUDGE_____           DOCKET NUMBER_____

DATE: 7-9-04           SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT#_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Fireman's Fund Insurance Company a/s/o Hodan Properties, Inc. v. Fire System Inc., et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **04-11578 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Erik Loftus, Esq., Law Offices of Stuart G. Blackburn__
ADDRESS __Two Concorde Way, PO Box 608, Windsor Locks, CT  06096__
TELEPHONE NO. __860-292-1116__

(Coversheetlocal.wpd - 10/17/02)