FILED
[illegible] OFFICE

2004 JUL 29 P 12: 56

U.S. DISTRICT COURT
DISTRICT OF MASS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of<br>Hodan Properties, Inc.<br>777 Marin Drive<br>Novado, California    94998<br>        Plaintiff | CIVIL ACTION NO.<br>04-11578 PBS |
| v. | JURY TRIAL DEMANDED |
| FIRE SYSTEMS, INC.<br>955 Reed Road<br>North Dartmouth, MA    02747 | |
| and | |
| FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.<br>70 Bacon Street<br>Pawtucket, RI    02860 | |
| and | |
| PRO CON, INC.<br>1359 Hooksett Road<br>Hooksett, NH    03106 | |
| and | |
| PAQUETTE ELECTRIC COMPANY, INC.<br>368 Killingly Road<br>Pomfret Center, CT  06259<br>        Defendants | JULY 27, 2004 |

---

## **AMENDED COMPLAINT**

NOW COMES Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") by and through its undersigned counsel, hereby demands judgment against Defendant Fire Systems, Inc. (hereinafter "Fire Systems"), Defendant Fire Suppression Systems of New England, Inc. (hereinafter "Fire Suppression"), Defendant Pro Con, Inc. (hereinafter "Pro Con") and Defendant Paquette Electric Company, Inc. (hereinafter "Paquette Electric"), and in support thereof avers as follows:

1. Plaintiff, "FFIC" is a corporation organized an existing under laws of the State of California with a principal place of business at 777 San Marin Drive, Novado, California 94998 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant Fire Systems is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 955 Reed Road, North Dartmouth, MA 02747.

3. Defendant Fire Suppression is a corporation duly organized and existing under the laws of the State of Rhode Island with a principal place of business located at 70 Bacon Street, Pawtucket, RI 02860.

4. Defendant Pro Con is a corporation duly organized and existing under the laws of the State of New Hampshire with a principal place of business located at 1359 Hooksett Road, Hooksett, NH 03106.

5. Defendant Paquette Electric is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office located at 368 Killingly Road, Pomfret Center, CT 06259.

**JURISDICTION AND VENUE**

6. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of One Million Eight Hundred and Twenty Eight Thousand Four Hundred and Eighty Three Dollars ($1,828,483.00) and there is diversity of citizenship between Plaintiff and Defendants.

7. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

8. Plaintiff's insured, Hodan Properties, Inc. (hereinafter "Hodan"), at all times mentioned herein was the owner of the commercial real property known as Marriot Residence Inn, located at 181 Faunce Corner Road, North Dartmouth, MA (hereinafter referred to as "the premises").

9. Prior to January 19, 2003, FFIC issued a policy of insurance to Hodan, Policy Number MZX80803214 which provided insurance coverage for the premises.

10. At all times relevant to this complaint, Defendant Fire Systems was engaged in the fire alarm and fire suppression systems business and was responsible for inspecting, testing and/or maintaining the fire alarm and fire suppression system located at the premises.

11. At all times relevant to this complaint, Defendant Fire Suppression was engaged in the fire alarm and fire suppression systems business and was responsible for installing the fire suppression system at the premises.

12. At all times relevant to this complaint, Defendant Pro Con was engaged in the construction business as a general contractor and was responsible for the construction,

and supervision of construction of the premises.

13. At all times relevant to this complaint, Defendant Paquette Electric was engaged in the electrical device installation business and was responsible for the installation of the alarm system located at the premises.

14. On January 19, 2003, a pipe burst in the dry-pipe fire suppression system located at the premises causing extensive damage.

15. In due course, FFIC was notified by its insured that the insured premises had been damaged on or about January 19, 2003.

16. Pursuant to the terms and conditions of the policy, FFIC made payments to its insured in excess of $1,828,483.00.

17. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, FFIC is subrogated to the rights of its insured.

## COUNT 1
## BREACH OF CONTRACT
## (FFIS vs. FIRE SYSTEMS)

18. The Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

19. On or about June 6, 2002, Hodan contracted with Fire Systems, via written agreement, for Fire Systems to test and inspect the fire alarm and fire suppressions systems at the premises for a period of twelve months.

20. Fire Systems breached aforesaid contract by:

   (a) Failing to properly and adequately test the fire alarm system at the premises; and

(b) Failing to properly and adequately test the fire suppression system at the premises.

21. As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Systems in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

## COUNT II
## NEGLIGENCE
### (FFIS vs. FIRE SYSTEMS)

22. Plaintiff incorporates by reference each every allegation as set forth above and below as though the same were fully set forth herein at length.

23. The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Fire Systems, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) Failing to properly and adequately inspect and/or test the fire alarm system at the premises;

(b) Failing to drain the dry sprinkler system after its testing;

(c) Failing to properly and adequately inspect and/or test the fire suppression system at the premises;

(d) Failing to detect problems with the installation and design of the

    dry sprinkler system;

 (e) Failing to notify the Plaintiff's insured of defects in the design or installation of the dry sprinkler system; and

 (f) Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Systems in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT**
**(FFIS vs. FIRE SUPPRESSION)**

22. The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

23. Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment, contracted with Fire Suppression to install a fire suppression system at the premises, including, but not limited to, a dry-pipe sprinkler system.

24. Fire Systems breached aforesaid contract by:

 (a) Failing to properly and adequately install the fire suppression system at the premises; and

 (b) Failing to ensure that the fire suppression system was functional and safe.

25. As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Suppression in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT IV**
**NEGLIGENCE**
**(FFIS vs. FIRE SUPPRESSION)**

26. Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

27. The installation activities conducted by the Defendant Fire Suppression and the resulting damages sustained by the Plaintiff were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Fire Suppression, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) Failing to properly and adequately install the fire suppression system at the premises;

(b) Failing to properly and adequately ensure that the fire suppression system was functional and safe;

(c) Failing to properly inspect the fire suppression system;

(d) Failing to install and design the piping of the fire suppression system with the proper pitch;

(e) Failing to purge the fire suppression system of water after its testing; and

(f) Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Fire Suppression in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT V**
**BREACH OF CONTRACT**
**(FFIS vs. PRO CON)**

28.   The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

29.   Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment its contracted with Pro Con to act as general contractor for the construction of the premises, including, but not limited to, the fire alarm and fire suppression systems.

30.   Pro Con breached aforesaid contract by:

    (a)   Failing to properly and adequately install the fire suppression system at the premises;

    (b)   Failing to ensure that the fire suppression system was functional and safe;

    (c)   Failing to properly and adequately install the fire alarm system at the premises; and

    (d)   Failing to properly and adequately ensure that the fire alarm system was functional and safe;

31.   As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

-9-

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Pro Con in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT VI**
**NEGLIGENCE**
**(FFIS vs. PRO CON)**

32.   Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

33.   The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Pro Con, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

  (a)   Failing to properly oversee and inspect the installation of the fire suppression system at the premises;

  (b)   Failing to properly oversee and inspect the installation of the fire alarm system at the premises;

  (c)   Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Pro Con in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT VII**
**BREACH OF CONTRACT**
**(FFIS vs. PAQUETTE ELECTRIC, CO. INC.)**

34. The Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

35. Prior to January 19, 2003, Hodan and/or its agents, servants, and/or employees acting within the scope and course of their employment its contracted with Paquette Electric to install a fire alarm system at the premises.

36. Paquette Electric breached aforesaid contract by:

   (a) Failing to properly and adequately install the fire alarm system at the premises; and

   (b) Failing to ensure that the fire alarm system was functional and safe.

37. As a direct and proximate result of the aforesaid breach of contract, the loss referred to in paragraph 14 occurred.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Paquette Electric in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

**COUNT VIII**
**NEGLIGENCE**
**(FFIS vs. PAQUETTE ELECTRIC CO., INC.)**

38. Plaintiff incorporates by reference Paragraphs 1 through 17 as though the same were fully set forth herein at length.

39. The damages sustained by the Plaintiff's insured were caused by the negligence, carelessness, negligent acts, and omissions of the Defendant Paquette Electric, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included

without limitation, the following:

    (a)    Failing to properly and adequately install the fire alarm system at the premises;

    (b)    Failing to properly and adequately ensure that the fire alarm system was functional and safe;

    (c)    Failing to properly test and inspect the fire alarm system; and

    (d)    Otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Paquette Electric in excess of $1,828,483.00 together with interest, costs of this action and such other and further relief as this court deems just and proper.

Dated: July 27, 2004

                      THE PLAINTIFF,

By: _____
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT  06096
Tel. (860) 292-1116
Fax (860) 292-1221
BBO # 656315

## CERTIFICATION

I hereby certify that the foregoing AMENDED COMPLAINT has been mailed this 27th day of July 2004, first class mail, postage prepaid to the following:

Fire Systems, Inc.
955 Reed Road
North Dartmouth, MA 02747

Fire Suppression Systems of New England, Inc.
Agent for Service:
John Polucha
781 Main Street, Suite 4
Whitensville, MA 01588

Pro Con, Inc.
Agent for Service:
CT Corporation System
100 Federal Street
Boston, MA 02110

Erik Loftus, Esq.