UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11578PBS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of Hodan Properties, Inc.<br>777 Marin Drive<br>Novado, California   94998<br>    Plaintiff,<br>vs.<br><br>FIRE SYSTEMS, INC.<br>955 Reed Road<br>North Dartmouth, MA   02747<br><br>and<br><br>FIRE SUPPRESSION SYSTEMS OF<br>NEW ENGLAND, INC.<br>70 Bacon Street<br>Pawtucket, RI   02860<br><br>and<br><br>PRO CON, INC.<br>1359 Hooksett Road<br>Hooksett, NH   03106<br><br>and<br><br>BRIERE & PAQUETTE, INC. f/k/a<br>PAQUETTE ELECTRIC CO, INC.<br>63 Alden Street, P.O. Box 4160<br>Fall River, MA   02723<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1.     Fire Suppression System of New England (hereinafter "the answering defendant") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The answering defendant admits the allegations contained in this paragraph.

4. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

7. Paragraph 7 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

## GENERAL ALLEGATIONS

8. Paragraph 8 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

9. Paragraph 9 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

10. Paragraph 10 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

11. The answering defendant installed a fire suppression system at the premises. Answering defendant denies the remainder of the allegations contained in this paragraph.

12. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I
## BREACH OF CONTRACT
### (FFIS vs. FIRE SYSTEMS)

18.     Answering defendant incorporates by reference its responses to paragraphs 1 through17 as set forth above.

19.     The allegations set forth in this paragraph refer to other defendants and therefore require no response.

20.     The allegations set forth in this paragraph refer to other defendants and therefore require no response.

21.     The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT II
## NEGLIGENCE
### (FFIS vs. FIRE SYSTEMS)

22.     Answering defendant incorporates by reference its responses to paragraphs 1 through 21 as set forth above.

23.     The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT III
## BREACH OF CONTRACT
### (FFIS vs. FIRE SUPPRESSION)

22. [sic]  Answering defendant incorporates by reference its responses to paragraphs 1 through 23 as set forth above.

23.{sic} The answering defendant denies the allegations contained in this paragraph.

24.     The answering defendant denies the allegations contained in this paragraph.

25.     The answering defendant denies the allegations contained in this paragraph.

## COUNT IV
## NEGLIGENCE
### (FFIS vs. FIRE SUPPRESSION)

26.     Answering defendant  incorporate by reference its responses to paragraphs 1 through 25 as set forth above.

27.    The answering defendant denies the allegations contained in this paragraph.

## COUNT V
## BREACH OF CONTRACT
### (FFIS vs. PRO CON)

28.    Answering defendant incorporates by reference its responses to paragraphs 1 through 27 as set forth above.

29.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

30.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

31.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT VI
## NEGLIGENCE
### (FFIS vs. PRO CON)

32.    Answering defendant incorporates by reference its responses to paragraphs 1 through 31 as set forth above.

33.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT VII
## BREACH OF CONTRACT
### (FFIS vs. BRIERE & PAQUETTE, INC. F/K/A PAQUETTE ELECTRIC, CO. INC.)

34.    Answering defendant incorporates by reference its responses to paragraphs 1 through 33 as set forth above.

35.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

36.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

37.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

### COUNT VIII
### NEGLIGENCE
### (FFIS vs. BRIERE & INC. F/K/A
### PAQUETTE ELECTRIC CO., INC.)

38.   Answering defendant incorporates by reference its responses to paragraphs 1 through 37 as set forth above.

39.   The allegations set forth in this paragraph refer to other defendants and therefore require no response.

WHEREFORE, answering defendant demands that this action be dismissed against it, in its entirety, and that it be awarded, fees, costs and whatever additional relief is deemed appropriate by the court.

### AFFIRMATIVE DEFENSES

### First Defense

By way of affirmative defense, the plaintiff has failed to state a cause of action in its Complaint for which relief can be granted. Massachusetts Rules of Civil Procedure 12(b)(6).

### Second Defense

By way of affirmative defense, the answering defendant states that the negligence of the plaintiff was greater than the alleged negligence of the answering defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

### Third Defense

By way of affirmative defense, the answering defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the answering defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

### Fourth Defense

By way of affirmative defense, the answering defendant states that if the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the answering defendant was not and is not legally responsible.

### Fifth Defense

By way of affirmative defense, the answering defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### Sixth Defense

By way of affirmative defense, the answering defendant states that, even if it breached warranties as alleged, the product involved in this action was changed in substance and form after it left the control of the answering defendant by the plaintiff or by one for whose conduct the answering defendant is not responsible, and such changes were the actual cause of the plaintiff's injuries and damages.

### Seventh Defense

By way of affirmative defense, the answering defendant states that the answering defendant has no liability to the plaintiff for the reason that the warranty which the plaintiff alleges was breached was excluded by the answering defendant and was never made to the plaintiff.

### JURY CLAIM

Answering defendant claims a trial by jury as to all claims and causes of action.

The answering defendant,
Fire Suppression Systems of
New England, Inc.
By its attorneys,


/s/Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Date: August 11, 2004