# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 04-11578 PBS**

---

FIREMAN'S FUND INSURANCE COMPANY
As Subrogee of Hodan Properties, Inc.,

      Plaintiff

v.

FIRE SYSTEMS, INC., FIRE SUPPRESSION
SYSTEMS OF NEW ENGLAND, INC., PRO
CON, INC., and PAQUETTE ELECTRIC
COMPANY, INC.

      Defendants

---

## DEFENDANT PAQUETTE ELECTRIC COMPANY, INC.'S
## ANSWER, JURY CLAIM AND CROSS-CLAIM

1.    Defendant Paquette Electric Company, Inc. is without sufficient information to admit or deny the allegations of ¶¶1-4 of the Amended Complaint.

2.    Defendant admits that it is a corporation with an office at said address, but denies the remaining allegations of ¶5.

3.    Defendant is without sufficient information to admit or deny the allegations of ¶¶6-9.

4.    Defendant admits the allegations of ¶¶10-12.

5.    Defendant admits the allegations of ¶13 insofar as it pertains to conduct of electrical business by Defendant and installation of certain components of the fire alarm system per the specifications generated by others.

6.    Defendant is without sufficient information to admit or deny the allegations of ¶¶14-17, except Defendant denies that Plaintiff is subrogated to the contractual rights, if any, of its insured against Paquette.

7.    ¶¶18-33 pertain to other parties and require no response from this Defendant.

8.    In response to ¶34, Defendant repeats and incorporates by reference the foregoing responses.

9.    Defendant denies the allegations of ¶¶35-37.

10.   In response to ¶38, Defendant repeats and incorporates by reference the foregoing responses.

11.   Defendant denies the allegations of ¶39.

**First Defense**

Defendant says that the Amended Complaint fails to state a cause of action against it upon which relief can be granted.

**Second Defense**

Defendant says that Plaintiff's loss was caused by a person or persons for whom Defendant is not responsible.

**Third Defense**

Defendant says that Plaintiff was negligent and its negligence was greater than that, if any, on the part of Defendant.

**Fourth Defense**

Defendant says that Plaintiff's contractual claim is barred by lack or failure of consideration.

**Fifth Defense**

Defendant says that Plaintiff failed to mitigate its damages, as required by law.

**Sixth Defense**

Defendant says that this action is frivolous, wholly insubstantial and without good faith foundation.

## DEFENDANT CLAIMS A TRIAL BY JURY

## CROSS-CLAIM

1.    Defendant-and-Plaintiff-in-Cross-Claim is Paquette Electric Company, Inc. ("Paquette"), a duly organized corporation with an principal place of business in Pomfret Center, Connecticut.

2. Defendant and Defendant-in-Cross-Claim is Fire Systems, Inc. ("FSI"), a duly organized corporation with an usual place of business in North Dartmouth, Massachusetts.

3. Paquette installed certain components of the fire alarm system at the property known as Marriott Residence Inn in North Dartmouth, Massachusetts.

4. After completion of Paquette's work, it was inspected, tested, approved and accepted by representatives of the owner and/or officials of the Town of North Dartmouth.

5. FSI contracted to inspect, test and/or maintain the fire alarm and fire suppression system at said Marriot Residence Inn thereafter.

6. A pipe burse at said premises on or about January 19, 2003, causing property damage.

7. The owner of the premises, by its subrogated liability insurer, has sued Paquette and FSI, among others.

8. If the fire alarm system did not function properly and/or if it contributed to cause the loss in whole or in part, that was due to the operations, acts and omissions of FSI in its inspection, testing and/or maintenance of the fire alarm and fire suppression systems at the premises.

## Count 1 – Common Law Indemnification

9. Paquette repeats and incorporates by reference the foregoing allegations.

10. Paquette was not negligent and did not breach its contractual obligations to the owner of the premises.

11. If Paquette is liable to Plaintiff, its liability is derivative and passive and due to the active negligence and breach of contract by FSI.

12. Therefore, FSI is liable to Paquette for common law indemnity.

WHEREFORE, Paquette demands judgment against FSI for any sums which it may be liable to Plaintiff, together with interest, costs and attorneys' fees.

### Count 2 – Contribution

13. Paquette repeats and incorporates by reference the allegations of ¶¶1-8.

14. If Paquette was negligent, which it denies, so too was FSI. Therefore, Paquette is entitled to contribution from FSI, pursuant to Mass.Gen.Laws c. 231B §1, et seq.

WHEREFORE, Paquette demands judgment against FSI for its pro rata share of liability to Plaintiff.

By its Attorneys,

Date: _Sept 21, 2004_

David D. Dowd, BBO No. 132660
Curley & Curley, PC
27 School Street
Boston, MA   02108
(617) 523-2990/(617) 523-7602 fax

## Certificate of Service

I, David D. Dowd, hereby certify that a true copy of the foregoing pleading was served by first class mail, postage prepaid, directed to:

Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT   06096
(Counsel for Fireman's Fund Insurance
Company a/s/o Hodan Properties, Inc.)

Gordon L. Sykes, Esquire
Morrison, Mahoney & Miller
10 North Main Street
Fall River, MA   02722
(Counsel for Fire Systems, Inc.)

Jocelyn M. Sedney, Esquire
Brody Hardoon Perkins & Kesten
One Exeter Plaza
Boston, MA   02116
(Counsel for Fire Suppression Systems of
New England, Inc.)

Date: _Sept 21, 2004_

David D. Dowd

- 4 -