UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11578PBS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of Hodan Properties, Inc.<br>777 Marin Drive<br>Novado, California    94998<br>    Plaintiff,<br>vs.<br><br>FIRE SYSTEMS, INC.<br>955 Reed Road<br>North Dartmouth, MA    02747<br><br>and<br><br>FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.<br>70 Bacon Street<br>Pawtucket, RI    02860<br><br>and<br><br>PRO CON, INC.<br>1359 Hooksett Road<br>Hooksett, NH    03106<br><br>and<br><br>BRIERE & PAQUETTE, INC. f/k/a PAQUETTE ELECTRIC CO, INC.<br>63 Alden Street, P.O. Box 4160<br>Fall River, MA    02723<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.'S
ANSWER TO CROSS CLAIM BY PRO CON, INC.**

## PARTIES

1. Fire Suppression System of New England, Inc. (hereinafter "the answering defendant") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The answering defendant admits the allegations contained in this paragraph.

3. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS

4. The answering defendant admits the allegations contained in this paragraph.

5. The answering defendant denies that Fire Suppression System of New England, Inc. was a subcontractor of Defendant, Pro Con, Inc. at all times mentioned in Plaintiff's Complaint. The answering defendant admits that there was a subcontractor for a period of time.

6. The allegations set forth in this paragraph refer to other defendants and therefore require no response – no response required.

## COUNT I – INDEMNIFICATION

7. The answering defendant admits the allegations contained in this paragraph.

8. The answering defendant admits the allegations contained in this paragraph.

9. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The answering defendant denies the allegations contained in this paragraph.

Wherefore, answering defendant requests that this crossclaim be dismissed against it in its entirety.

## COUNT II – BREACH OF CONTRACT

11. Answering defendant incorporates by reference its responses to paragraphs 1 through 10 as set forth above.

12. The answering defendant denies the allegations contained in this paragraph.

WHEREFORE, answering defendant demands that this action be dismissed against it, in its entirety, and that it be awarded, fees, costs and whatever additional relief is deemed appropriate by the court.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

By way of affirmative defense, the plaintiff has failed to state a cause of action in its Complaint for which relief can be granted. Massachusetts Rules of Civil Procedure 12(b)(6).

### SECOND DEFENSE

By way of affirmative defense, the answering defendant states that the negligence of the plaintiff was greater than the alleged negligence of the answering defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

### THIRD DEFENSE

By way of affirmative defense, the answering defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the answering defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

### FOURTH DEFENSE

By way of affirmative defense, the answering defendant states that if the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the answering defendant was not and is not legally responsible.

### FIFTH DEFENSE

By way of affirmative defense, the answering defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### SIXTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by its conduct and actions, and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the defendants.

### SEVENTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### EIGHTH DEFENSE

By way of affirmative defense, the defendant states that no act or omission by them was the proximate cause of the damages, if any, alleged by the plaintiff.

### NINTH DEFENSE

By way of affirmative defense, the defendant states the defendant had complete the defendant's work in the area of the plaintiff's purported injury and, accordingly, exercised no control over that area at the time of the alleged accident.

### JURY CLAIM

Answering defendant claims a trial by jury as to all claims and causes of action.

The answering defendant,
Fire Suppression Systems of
New England, Inc.
By its attorneys,

/s/Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: October 5, 2004