UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11578PBS

FIREMAN'S FUND INSURANCE )
COMPANY )
As Subrogee of Hodan Properties, Inc. )
777 Marin Drive )
Novado, California       94998 )
        Plaintiff, )
vs. )
 )
FIRE SYSTEMS, INC. )
955 Reed Road )
North Dartmouth, MA     02747 )
 )
and )
 )
FIRE SUPPRESSION SYSTEMS OF )
NEW ENGLAND, INC. )
70 Bacon Street )
Pawtucket, RI       02860 )
 )
and )
 )
PRO CON, INC. )
1359 Hooksett Road )
Hooksett, NH       03106 )
 )
and )
 )
BRIERE & PAQUETTE, INC. f/k/a )
PAQUETTE ELECTRIC CO, INC. )
63 Alden Street, P.O. Box 4160 )
Fall River, MA       02723 )
        Defendants )

## DEFENDANT FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS CLAIM AGAINST FIRE SYSTEMS, INC.

1.      Fire Suppression System of New England, Inc. (hereinafter "the answering defendant") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.    The answering defendant admits the allegations contained in this paragraph.

4.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### JURISDICTION AND VENUE

6.    Paragraph 6 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

7.    Paragraph 7 contains conclusions of law and statements of facts about which the answering defendant lacks sufficient information to admit or deny.

### GENERAL ALLEGATIONS

8.    Paragraph 8 contains conclusions of law and statements of facts about which the answering defendant  lacks sufficient information to admit or deny.

9.    Paragraph 9 contains conclusions of law and statements of facts about which the answering defendant  lacks sufficient information to admit or deny.

10.    Paragraph 10 contains conclusions of law and statements of facts about which the answering defendant  lacks sufficient information to admit or deny.

11.    The answering defendant installed a fire suppression system at the premises. Answering defendant denies the remainder of the allegations contained in this paragraph.

12.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I
## BREACH OF CONTRACT
### (FFIS vs. FIRE SYSTEMS)

18.    Answering defendant incorporates by reference its responses to paragraphs 1 through17 as set forth above.

19.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

20.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

21.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT II
## NEGLIGENCE
### (FFIS vs. FIRE SYSTEMS)

22.    Answering defendant incorporates by reference its responses to paragraphs 1 through 21 as set forth above.

23.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT III
## BREACH OF CONTRACT
### (FFIS vs. FIRE SUPPRESSION)

22. [sic]  Answering defendant incorporates by reference its responses to paragraphs 1 through 23 as set forth above.

23.{sic} The answering defendant denies the allegations contained in this paragraph.

24.    The answering defendant denies the allegations contained in this paragraph.

25.    The answering defendant denies the allegations contained in this paragraph.

## COUNT IV
## NEGLIGENCE
### (FFIS vs. FIRE SUPPRESSION)

26.    Answering defendant  incorporate by reference its responses to paragraphs 1 through 25 as set forth above.

27.    The answering defendant denies the allegations contained in this paragraph.

## COUNT V
## BREACH OF CONTRACT
### (FFIS vs. PRO CON)

28.    Answering defendant incorporates by reference its responses to paragraphs 1 through 27 as set forth above.

29.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

30.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

31.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT VI
## NEGLIGENCE
### (FFIS vs. PRO CON)

32.    Answering defendant  incorporates by reference its responses to paragraphs 1 through 31 as set forth above.

33.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT VII
## BREACH OF CONTRACT
### (FFIS vs. BRIERE & PAQUETTE, INC. F/K/A
### PAQUETTE ELECTRIC, CO. INC.)

34.    Answering defendant incorporates by reference its responses to paragraphs 1 through 33 as set forth above.

35.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

36.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

37.    The allegations set forth in this paragraph refer to other defendants and therefore require no response.

## COUNT VIII
## NEGLIGENCE
### (FFIS vs. BRIERE & INC. F/K/A
### PAQUETTE ELECTRIC CO., INC.)

38.     Answering defendant incorporates by reference its responses to paragraphs 1through 37 as set forth above.

39.     The allegations set forth in this paragraph refer to other defendants and therefore require no response.


WHEREFORE,  answering defendant demands that this action be dismissed against it , in its entirety, and that it be awarded, fees, costs and whatever additional relief is deemed appropriate by the court.


### AFFIRMATIVE DEFENSES

### First Defense

By way of affirmative defense, the plaintiff has failed to state a cause of action in its Complaint for which relief can be granted.  Massachusetts Rules of Civil Procedure 12(b)(6).

### Second Defense

By way of affirmative defense, the answering defendant states that the negligence of the plaintiff was greater than the alleged negligence of the answering defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.


### Third Defense

By way of affirmative defense, the answering defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the answering defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

### Fourth Defense

By way of affirmative defense, the answering defendant states that if the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the answering defendant was not and is not legally responsible.

### Fifth Defense

By way of affirmative defense, the answering defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### Sixth Defense

By way of affirmative defense, the answering defendant states that, even if it breached warranties as alleged, the product involved in this action was changed in substance and form after it left the control of the answering defendant by the plaintiff or by one for whose conduct the answering defendant is not responsible, and such changes were the actual cause of the plaintiff's injuries and damages.

### Seventh Defense

By way of affirmative defense, the answering defendant states that the answering defendant has no liability to the plaintiff for the reason that the warranty which the plaintiff alleges was breached was excluded by the answering defendant and was never made to the plaintiff.

### JURY CLAIM

Answering defendant claims a trial by jury as to all claims and causes of action.

## DEFENDANT FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.'S CROSS CLAIM AGAINST FIRE SYSTEMS, INC.

1.    Fire Suppression System of New England, Inc. ("FSS") is a corporation organized under the laws of the State of Rhode Island with a place of business located at 70 Bacon Street, Pawtucket, Rhode Island.

2.    Defendant in cross claim, Fire Systems, Inc. ("FSI") is a duly organized corporation with a usual place of business in North Dartmouth, Massachusetts.

3.    FSS installed the fire suppression system at the property known as the Marriott Residence Inn in North Dartmouth, Massachusetts.

4.    FSI contracted to inspect, test and/or maintain the fire alarm and fire suppression system at said Marriott Residence Inn thereafter.

5.    Plaintiff alleges that a pipe burst at said premises on or about January 19, 2003 causing property damage. The owner of said property has brought suit against FSS as well as others.

6.    If the fire suppression system failed to function as it did after installation when it was inspected, tested and approved by representatives of the owner and officials of the

Town of Dartmouth, said failure was due in whole or in part due to the negligence in the operations, acts or omissions by FSI at said property.

## Count One- Indemnification

7.    FSS repeats and incorporates by reference all foregoing allegations.

8.    FSS was not negligent and did not breach its obligations to the owner.

9.    If FSS is liable to the plaintiff, its liability is derivative and passive and due to the active negligence and beach of contract by FSI.

10.    Therefore, FSI is liable to FSS for common law indemnity.

## Count One- Contribution

11.    FSS repeats and incorporates by reference all foregoing allegations.

12.    If FSS was negligent, which it denies, FSI was also negligent.  FSS is entitled to contribution from FSI pursuant to M.G.L. c. 231, sec. 1, et seq.

Wherefore, FSS demands judgment against FSI for its pro rata share of liability to the plaintiff.

> The answering defendant,
> Fire Suppression Systems of
> New England, Inc.
> By its attorneys,
>
> /s/Jocelyn M. Sedney
> Jocelyn M. Sedney, BBO# 552115
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

Date:  October 5, 2004