UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br>As Subrogee of Hodan Properties, Inc.<br>    Plaintiff<br><br>Vs.<br><br>FIRE SYSTEMS, INC.,<br>FIRE SUPPRESSION SYSTEMS OF<br>NEW ENGLAND, INC.,<br>PRO CON, INC.<br>and BRIERE & PAQUETTE, INC. f/k/a<br>PAQUETTE ELECTRIC CO., INC.,<br>    Defendants | CASE NUMBER <u>04-11578 PBS</u> |

### ANSWER OF THE DEFENDANT, FIRE SYSTEMS, INC., TO CROSS CLAIM OF PAQUETTE ELECTRIC COMPANY, INC. AND JURY CLAIM

The defendant-in-cross claim, Fire Systems, Inc., responds to the allegations contained in the cross claim of plaintiff-in-cross claim, Paquette Electric Company, Inc., paragraph by paragraph, as follows:

### FIRST DEFENSE

1.   The defendant-in-cross claim is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the cross claim.

2.   The defendant-in-cross claim admits the allegations contained in paragraph 2 of the cross claim.

3.   The defendant-in-cross claim is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the cross claim.

4.   The defendant-in-cross claim is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the cross claim.

5. The defendant-in-cross claim admits that it contracted with Residence Inn. The defendant-in-cross claim neither admits nor denies the remaining allegations contained in paragraph 5 of the cross claim for the reason that the contract in question, being a written document, speaks for itself.

6. The defendant-in-cross claim admits the allegations contained in paragraph 6 of the cross claim.

7. The defendant-in-cross claim neither admits nor denies the allegations contained in paragraph 7 of the cross claim for the reason that no response is required.

8. The defendant-in-cross claim denies the allegations contained in paragraph 8 of the cross claim.

## COUNT 1

9. The defendant-in-cross claim repeats and reavers its answers to paragraphs 1 through 8 of the cross claim as if expressly rewritten and set forth herein.

10. The defendant-in-cross claim denies the allegations contained in paragraph 10 of Count 1 of the cross claim.

11. The defendant-in-cross claim denies the allegations contained in paragraph 11 of Count 1 of the cross claim.

12. The defendant-in-cross claim denies the allegations contained in paragraph 12 of Count 1 of the cross claim.

WHEREFORE, the defendant-in-cross claim denies that the plaintiff-in-cross claim is entitled to the relief sought and further denies that the plaintiff-in-cross claim is entitled to recover in any amount or form.

## COUNT 2

13. The defendant-in-cross claim repeats and reavers its answers to paragraphs 1 through 8 of the cross claim as if expressly rewritten and set forth herein.

14. The defendant-in-cross claim denies the allegations contained in paragraph 14 of Count 2 of the cross claim.

WHEREFORE, the defendant-in-cross claim denies that the plaintiff-in-cross claim is entitled to the relief sought and further denies that the plaintiff-in-cross claim is entitled to recover in any amount or form.

### SECOND DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant-in-cross claim was not and is not legally responsible.

### THIRD DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that the cross claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, the defendant-in-cross claim demands that the cross claim of Paquette Electric Company, Inc.'s, be dismissed and judgment entered in its favor with the costs and disbursements of this action.

THE DEFENDANT-IN-CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES.

FIRE SYSTEMS, INC.

By its Attorneys,

**MORRISON MAHONEY LLP**

Gordon L. Sykes
BBO # 555580
10 North Main Street
Fall River, MA 02720
(508) 677-3100

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2004, I served the foregoing document by mailing a copy of same, first class mail, postage prepaid, to the attorneys of record:

David D. Dowd, Esquire
Curley & Curley
27 School Street
Boston, MA  02108

Erik Loftus, Esquire
Law Offices of Stuart G. Blackburn
P.O. Box 608
Windsor Locks, CT  060-96.

Jocelyn M. Sedney, Esquire
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza
Boston, MA  02116

Jon S. Hartmere, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA  02108

_____
Gordon L. Sykes
BBO # 555580
**Morrison Mahoney LLP**
10 North Main Street
Fall River, MA 02720
(508) 677-3100