UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, )<br>As Subrogee of Hodan Properties, Inc. )<br>    Plaintiff )<br>)<br>Vs. )<br>)<br>FIRE SYSTEMS, INC., )<br>FIRE SUPPRESSION SYSTEMS OF )<br>NEW ENGLAND, INC., )<br>PRO CON, INC. )<br>and BRIERE & PAQUETTE, INC. f/k/a )<br>PAQUETTE ELECTRIC CO., INC., )<br>    Defendants ) | **CASE NUMBER 04-11578 PBS** |

### ANSWER OF THE DEFENDANT, FIRE SYSTEMS, INC., TO CROSS CLAIM OF FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC. AND JURY CLAIM

The defendant-in-cross claim, Fire Systems, Inc., responds to the allegations contained in the cross claim of plaintiff-in-cross claim, Fire Suppression Systems of New England, Inc., paragraph by paragraph, as follows:

### FIRST DEFENSE

1. The defendant-in-cross claim is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the cross claim.

2. The defendant-in-cross claim admits the allegations contained in paragraph 2 of the cross claim.

3. The defendant-in-cross claim is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the cross claim.

4. The defendant-in-cross claim admits that it contracted to inspect and test the fire alarm and fire suppression systems at the Marriott Residence Inn and denies the remaining allegations contained in paragraph 4 of the cross claim.

5. The defendant-in-cross claim neither admits nor denies the allegations contained in paragraph 5 of the cross claim for the reason that no response is required.

6. The defendant-in-cross claim denies the allegations contained in paragraph 6 of the cross claim.

<u>COUNT ONE - Indemnification</u>

7. The defendant-in-cross claim repeats and reavers its answers to paragraphs 1 through 6 of the crossclaim as if rewritten and set forth herein.

8. The defendant-in-cross claim denies the allegations contained in paragraph 8 of the cross claim.

9. The defendant-in-cross claim denies the allegations contained in paragraph 9 of the cross claim.

10. The defendant-in-cross claim denies the allegations contained in paragraph 10 of the cross claim.

<u>COUNT ONE (sic) – Contribution</u>

11. The defendant-in-cross claim repeats and reavers its answers to paragraphs 1 through 10 of the cross claim as if expressly rewritten and set forth herein.

12. The defendant-in-cross claim denies the allegations contained in paragraph 12 of the cross claim.

WHEREFORE, the defendant-in-cross claim denies that the plaintiff-in-cross claim is entitled to the relief sought and further denies that the plaintiff-in-cross claim is entitled to recover in any amount or form.

## SECOND DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that if the plaintiff suffered damage, as alleged, such damage was caused by someone for whose conduct the defendant-in-cross claim was not and is not legally responsible.

## THIRD DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that the negligence of the plaintiff was greater than the alleged negligence of the defendant-in-cross claim and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. Ch. 231, Sec. 85.

## FOURTH DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant-in-cross claim should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Ch. 231, Sec. 85.

## FIFTH DEFENSE

By way of affirmative defense, the defendant-in-cross claim says that the cross claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, the defendant-in-cross claim demands that the cross claim of Fire Suppression Systems of New England, Inc. be dismissed and judgment entered in its favor with the costs and disbursements of this action.

  THE DEFENDANT-IN-CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES.

               FIRE SYSTEMS, INC.

               By its Attorneys,

               **MORRISON MAHONEY LLP**

               _/s/ Gordon L. Sykes_
               Gordon L. Sykes
               BBO # 555580
               10 North Main Street
               Fall River, MA 02720
               (508) 677-3100

## CERTIFICATE OF SERVICE

  I hereby certify that on November 17, 2004, I served the foregoing document by mailing a copy of same, first class mail, postage prepaid, to the attorneys of record:

| | |
|---|---|
| David D. Dowd, Esquire<br>Curley & Curley<br>27 School Street<br>Boston, MA  02108 | Jocelyn M. Sedney, Esquire<br>Brody, Hardoon, Perkins & Kesten<br>One Exeter Plaza<br>Boston, MA  02116 |
| Erik Loftus, Esquire<br>Law Offices of Stuart G. Blackburn<br>P.O. Box 608<br>Windsor Locks, CT  060-96. | Jon S. Hartmere, Esquire<br>Law Offices of Jacqueline L. Allen<br>262 Washington Street, Suite 601<br>Boston, MA  02108 |

_/s/ Gordon L. Sykes_
Gordon L. Sykes
BBO # 555580
**Morrison Mahoney LLP**
10 North Main Street
Fall River, MA 02720
(508) 677-3100