**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

-----------------------------------------------------

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY : | |
|     Plaintiff : | CIVIL ACTION NO. |
| : | 04-11578 PBS |
|     v. : | |
| : | |
| : | |
| FIRE SYSTEMS, INC.; : | |
| FIRE SUPPRESSION SYSTEMS OF : | |
|     NEW ENGLAND, INC;. : | |
| PRO CON, INC.; and : | |
| PAQUETTE ELECTRIC COMPANY, INC. : | |
|     Defendants : | JANUARY 4, 2005 |

-----------------------------------------------------

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** The Complaint was originally filed on July 9, 2004. Amended complaint filed on July 27, 2004.

**Date Complaint Served:**

      July 23, 2004 (Fire Suppression)

      July 26, 2004 (Fire Systems)

      July 27, 2004 (Pro Con)

      August 5, 2004 (Paquette)

**Date of Defendant's Appearance:**

      August 11, 2004 (Fire Suppression)

      August 16, 2004 (Fire Systems)

      September 9, 2004 (Pro Con)

      September 21, 2004 (Paquette)

Pursuant to Federal Rule of Civil Procedure 26(f), the parties communicated via email between November 16, 2004 and December 27, 2004. The participants were:

Erik Loftus for the plaintiff, Fireman's Fund Insurance Company.

Gordon L. Sykes for the defendant Fire Systems, Inc.

Jocelyn M. Sedney for the defendant Fire Suppression Systems of New England, Inc.

Jon S. Hartmere for the defendant Pro Con, Inc.

David D. Dowd for the defendant Paquette Electric Company, Inc.

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel to the parties further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction

Jurisdiction is based upon the complete diversity of the parties pursuant to 28 U.S.C. § 1332. The plaintiff asserts that the amount in controversy in this case exceeds $75,000.

### B.    Personal Jurisdiction

Neither party challenges the jurisdiction of this Court.

## III.    BRIEF DESCRIPTION OF CASE

### A.    Claims of Plaintiff:

This is a subrogation action brought pursuant to common law.    The plaintiff alleges that its insureds suffered damage to their building as a result of the negligent failure to adequately test the fire alarm system by Fire Systems, Inc., the negligent installation of the fire suppression system by Fire Suppression Systems of New England, Inc., the negligent installation of the fire alarm system by Paquette Electric Company, Inc., and the negligence associated with the general contractor Pro Con, Inc. in failing to properly supervise the installation activities.    The plaintiff claims that it paid its insured in excess of $1,828,483.00 as a result of the damage and now seeks to collect that amount from the defendants.

### B.    Defenses and Claims of Defendant:

Fire Systems, Inc. claims that the alleged damages suffered by the plaintiff were caused by someone for whose conduct the defendant was not and is not legally responsible. Fire Systems, Inc. contends that it did not perform a dry valve drip test during its inspections and that the water in the dry-pipe sprinkler system was the result of the initial acceptance tests and inadequate system drainage performed by Fire Suppression Systems of New England, Inc.

With regards to the cross claim of Fire Suppression Systems of New England, Inc., Fire Systems, Inc. claims that the alleged damages suffered by the plaintiff-in-cross claim were caused by the negligence of the plaintiff-in-cross claim. The defendant-in-cross claim denies that it contributed to the cause of the plaintiff's damages or that the plaintiff-in-cross claim is entitled to indemnity.

3

With regards to the cross claim of Paquette Electric Company, Inc., Fire Systems, Inc. claims that the alleged damages suffered by the plaintiff-in-cross claim were caused by someone for whose conduct the defendant was not and is not legally responsible. The defendant-in-cross claim denies that it contributed to the cause of the plaintiff's damages or that Paquette Electric Company, Inc. is entitled to indemnity.

Defendant Paquette Electric Co., Inc. denies that the alarm system was installed negligently. On the contrary, it was functional when the work was completed, tested and accepted by municipal officials and representatives of the owner. If the system failed thereafter, it was not due to any act or omission of Paquette. Indeed, this is seemingly corroborated by the report of plaintiff's engineering expert. Causation is denied, as well. Further, the loss was not mitigated in a timely and proper fashion.

Defendant Pro Con, Inc. was the general contractor and says that this project was completed on May 3, 2002 prior to the plaintiff's cause of damage on January 19, 2003. A certificate of substantial completion was executed. The entire fire suppression system had been tested and it was successful. Pro Con, Inc. was not the maintenance contractor for the system and it did not act negligently in the performance of its contractual duties.

Defendant Fire Suppression Systems of New England maintains that it properly installed the fire suppression system at the building as was demonstrated by subsequent testing and acceptance of the system. Subsequent maintenance and

4

testing of the system by Fire Systems, Inc. resulted in the damages sustained. Furthermore, Fire Suppression Systems states that the Plaintiff has not made any specific allegations with regard to what, if anything, Fire Suppression Systems did that resulted in the damages sustained. The expert retained by the plaintiff was unable to find any fault with Fire Suppression Systems. In fact, that expert places full responsibility on Fire Systems, Inc. It is the position of Fire Suppression Systems that it should not be a defendant in this case and the Plaintiff has no good faith basis for adding it as a defendant.

### III.    STATEMENT OF UNDISPUTED FACTS:

1.    Hodan Properties was the owner of premises located at 181 Faunce Corner Road, North Dartmouth, MA ("the premises").

2.    The plaintiff, Fireman's Fund Insurance Company, provided business property insurance coverage to Hodan Properties for the premises.

3.    Defendant Fire Systems, Inc. was hired to perform testing and maintenance of the fire alarm and fire suppression system located at the premises.

4.    Defendant Pro Con, Inc. was the general contractor for the construction of the premises.

5.    Defendant Fire Suppression Systems of New England, Inc. was sub-contracted to install the fire suppression system located at the premises.

6.    Defendant Paquette Electric Company, Inc. was sub-contracted to install the fire alarm system located at the premises.

## IV.    CASE MANAGEMENT PLAN

### A.    Standing Order on Scheduling in Civil Cases.

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R.Civ. P. 16(b).

### C.    Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and might be willing to participate in non-binding mediation.

2.    The parties request an early settlement conference.

3.    The parties do not have a preference with respect to who will conduct the settlement conference.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D.Mass.L.Civ.R. 16.4.

### D.    Joinder of Parties and Amendment of Pleadings

1.    Plaintiff should be allowed until December 31, 2004 to file motions to join additional parties and to file motions to amend pleadings.

2.    Defendant should be allowed until January 31, 2005 to file motions to join additional parties and to file motions to amend pleadings.

6

**E.    Discovery**

1.    The parties anticipate that discovery will be needed on the following subjects:

a.    The nature and significance of the construction of the premises including the installation of the fire suppression and fire alarm systems;

b.    The extent and appearance of damages at the plaintiff's insured's premises;

c.    Contractual negotiations between the plaintiff's insured and the defendants;

d.    Contractual negotiations between and among the defendants;

e.    The plaintiff's theory of liability; the defendants' theory of non-liability;

f.    Damages and/or pre-existing conditions and the nature, extent and value thereof.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 28, 2005 and completed (not propounded) by February 28, 2006.

3.    Discovery will not be conducted in phases.

4.    All factual discovery will be completed by October 31, 2005.

5.    The parties anticipate that the plaintiff will require a total of fifteen (15) depositions and the defendants will require a total of fifteen (15) depositions. The

depositions will commence by February 28, 2005 and be completed by October 31, 2005.

6.    The parties do not intend at this time to request permission to serve more than twenty-five interrogatories.

7.    Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from all such experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 31, 2005. Depositions of any such experts shall be completed by November 30, 2005.

8.    Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from all such experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 15, 2005. Depositions of any such experts will be completed by February 28, 2006.

9.    A damages analysis will be provided by any party who has a claim or counterclaim for damages on or before January 31, 2006.

F.    **Dispositive Motions**

Dispositive motions will be filed on or before March 31, 2006.

G.    **Joint Trial Memorandum**

The Joint Trial Memorandum will be filed within 30 days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum will be filed within 60 days after the completion of all discovery.

H.    **Trial Readiness**

The parties will be ready for trial by May , 2006.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**FIREMAN'S FUND INSURANCE COMPANY**
By its attorneys,

Erik Loftus, Esquire (BBO# 656315)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116

**FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.**
By its attorneys,

Jocelyn M. Sedney (BBO# 552115)
BRODY, HARDOON, PERKINS
& KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

**PAQUETTE ELECTRIC COMPANY, INC.**
By its attorneys,

David D. Dowd (BBO# 132660)
CURLEY & CURLEY, PC
27 School Street
Boston, MA 02108
(617) 523-2990

**FIRE SYSTEMS, INC.**
By its attorneys,

Gordon L. Sykes (BBO# 555580)
MORRISON MAHONEY LLP
10 North Main Street
Fall River, MA 02720
(508) 677-3100

**PRO CON, INC.**
By it attorneys,

Jon S. Hartmere (BBO# 224510)
Law Office of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
(617) 878-4631

9

## CERTIFICATION

       I hereby certify that the foregoing REPORT OF PARTIES' PLANNING MEETING has been mailed this 4th day of January, 2005, first class mail, postage prepaid to the following:

Gordon L. Sykes, Esq.
Morrison, Mahoney & Miller
10 North Main Street
Fall River, MA  02722
(Fire Systems, Inc.)

Jocelyn M. Sedney, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(Fire Suppression Systems of New England, Inc.)


Jon S. Hartmere, Esq.
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA  02108
(Pro Con, Inc.)

David D. Dowd, Esq.
Curley & Curley, PC
27 School Street
Boston, MA  02108
(Paquette Electric Co, Inc.)

_____
Erik Loftus, Esq.