UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, )<br>　　　Plaintiff　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　　 )<br>V.　　　　　　　　　　　　　　　　　　　　 )　　CIVIL NO. 04-11578 PBS<br>　　　　　　　　　　　　　　　　　　　　　 )<br>FIRE SYSTEMS, INC., ET AL,　　　　　　　 )<br>　　　Defendants　　　　　　　　　　　　　 ) | |

**DEFENDANT, PRO CON, INC.'S OBJECTIONS
TO PROPOSED WITNESESS AND EXHIBITS
PURSUANT TO THE COURT'S ORDER**

Now comes the Defendant, Pro Con, Inc., in the above entitled action and objects to the following witnesses and/or exhibits as submitted by other parties in this matter.

**I. OPPOSITION TO WITNESSES PROPOSED BY FIRE SYSTEMS, INC.**

**1. Thomas Klem**

The defendant Pro Con, Inc. objects to testimony of Thomas Klem to the extent, in part, that it relies upon information not supplied to the defendant. Pro Con, Inc. further objects to Mr. Klem's testimony to the extent that it is not within the scope of expert testimony and is not supported by the facts in this matter. The defendant reserves the right to supplement this objection.

**2. James Rogers**

The defendant Pro Con, Inc. objects to testimony of James Rogers to the extent, in part, that it relies upon information not supplied to the defendant. Pro Con, Inc. further objects to Mr. Rogers' testimony to the extent that it is not

within the scope of expert testimony and is not supported by the facts in this matter.  The defendant reserves the right to supplement this objection.

### II.  OPPOSITION TO EXHIBITS PROPOSED BY FIRE SYSTEMS, INC.

**1.  Trouble and Alarm History Print-Out from Residence Inn Alarm Systems.**

Pro Con, Inc. objects to the submission of this document as it is fails to comply with the Rules of Civil Procedure in terms of its reliability.  The defendant reserves the right to supplement this objection.

**2.  Photographs taken by Thomas Klem**

Pro Con, Inc., objects to the introduction of these photographs as Mr. Klem has failed to identify the location of the items photographed and has failed to describe the item to allow the defendant to opportunity to submit rebuttal photographs.  The defendant reserves the right to supplement this objection.

**3.  Photographs taken by Richard Papetti**

Pro Con, Inc., objects to the introduction of these photographs as Mr. Papetti has failed to identify the location of the items photographed and has failed to describe the item to allow the defendant to opportunity to submit rebuttal photographs.  The defendant reserves the right to supplement this objection.

### III.  OPPOSITION TO WITNESSES PROPOSED BY FIREMAN'S FUND.

**1.  James G. DiChaira**

Pro Con, Inc., objects to introduction of testimony by Mr. DiChaira due to the untimely disclosure of expert witness testimony.  The defendant further objects as information prepared by the witness in his review of the

damages has not been supplied to the defendant. The defendant reserves the right to supplement this objection.

### 2. Doug Maxwell

Pro Con, Inc., objects to introduction of testimony by Mr. Maxwell due to the untimely disclosure of expert witness testimony. The defendant further objects as information prepared by the witness in his review of the damages has not been supplied to the defendant. The defendant reserves the right to supplement this objection.

### 3. Additional witnesses to damages

Pro Con, Inc., objects to introduction of witnesses to damages as the testimony to submitted is unsupported by the evidence that has been supplied to the defendant to date, and therefore, is not based in fact. The defendant reserves the right to supplement this objection.

## IV. OPPOSITION TO EXHIBITS PROPOSED BY FIREMAN'S FUND.

The defendant Pro Con, Inc., objects to the introduction of the trial exhibits which have been proposed to be submitted by the plaintiff as the documents lack the necessary evidentiary foundations. This objection would apply to items numbers 6-11, 13-25, 28-31, 34-39. The defendant reserves the right to supplement this objection.

The defendant objects to the introduction of the report of Mr. Papetti (number 33) as it is not the best evidence, does not have the necessary evidentiary foundations for introduction, and is cumulative. The defendant objects to the introduction of the Insurance Policy declarations (number 32) as

they are not relevant to this matter and are not admissible.  The defendant reserves the right to supplement these objections.

The defendant reserves the right to supplement this memorandum in light of additional discovery to be completed.  In addition the defendant reserves the right to rely upon objections to witnesses and exhibits anticipated to be put forth by the other parties in this matter.

By its attorney,

\S\  Kathleen C. Tulloh Brink
Kathleen C. Tulloh Brink
B.B.O. No. 550274
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4631

## CERTIFICATE OF SERVICE

I, Kathleen C. Tulloh Brink, attorney for the Defendants, Pro Con, Inc., in the above-entitled action, hereby certify that I mailed a copy of the within documents to all counsel.