IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 04-11578 PBS**

FIREMAN'S FUND INSURANCE COMPANY
As Subrogee of Hodan Properties, Inc.,

    Plaintiff

v.

FIRE SYSTEMS, INC., FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC., PRO CON, INC., and PAQUETTE ELECTRIC COMPANY, INC.

    Defendants

**DEFENDANTS' JOINT MOTION TO PROHIBIT TESTIMONY
FROM DOUG MAXWELL AND JAMES G. DiCHAIRA
DUE TO UNTIMELY AND INSUFFICIENT DISCLOSURE BY PLAINTIFF**

    This case is scheduled for trial on September 18, 2006.

    Fed.R.Civ.P. 26(a)(2)(C) requires disclosure of expert witnesses at least ninety (90) days before trial. Plaintiff's expert disclosures were due in January 2006, per the Court's revised scheduling order. Moreover, Rule 26(a)(2) requires simultaneous production of a written report from those experts, including disclosure of specified information.

    Furthermore, the Court's electronic docket notes from the interim pretrial conference held on June 1, 2006 record the parties' report that experts had been disclosed and that defendants planned to take certain expert depositions.

On August 21, 2006, mere weeks before trial and after foreclosure of new discovery, plaintiff, Fireman's Fund Insurance Company, filed and served disclosures of Doug Maxwell and James G. DiChaira as expert witnesses.  This constituted the first disclosure, identification or mention of these persons as expert or fact witnesses.  Only Richard Papetti, P.E., had been identified as a potential expert witness in plaintiff's answers to interrogatories and plaintiff's January 3, 2006 disclosure of expert witnesses.  Indeed, there is no mention of Maxwell and DiChaira in any answers to interrogatories, including one inquiring about persons who had inspected the building and the damages from this water loss.  Maxwell and DiChaira are purported to be experts regarding plaintiff's damages. They are not rebuttal witnesses.  Whereas their identity presumably has been known to plaintiff for years, there is no apparent excuse or justification for nondisclosure of these expert (or fact) witnesses until the eve of trial.  Moreover, there is no demonstrable basis whatsoever for contention that defendants knew or should have known that these men would appear as expert witnesses for plaintiff.

The disclosure was not merely untimely, but woefully inadequate, as well.  The <u>one sentence</u> description of the facts and opinions of these experts states a general conclusion, without identification of factual support or explication.  Specific grounds for the conclusory opinions were not stated.  No report has been divulged.  Further, the requisite statement of qualifications, testimonial history and fee schedule have not been disclosed either.

Fed.R.Civ.P. 37(c)(1) dictates as follows, in pertinent part:

> (1)     A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence

>     at a trial, at a hearing, or on a motion any witness or information
>     not so disclosed.

Given last-minute disclosure of expert witnesses on damages -- after closure of discovery -- prejudice to defendants is manifest.  Such unjustified failure to have disclosed was hardly harmless.  Moreover, continuance would not alleviate the prejudice, because defendants have scheduled their own witnesses for trial and planned accordingly.  As one court has observed:  "A continuance on the eve of trial would have offered defendants only a Hobson's choice of inadequate preparation or costly delay."  Freund v. Fleetwood Enterprises, Inc., 956 F.2d 354, 359 (1st Cir. 1992).

Rule 37(c )(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for  breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."  Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998).

There is more than ample support in case law for preclusion of these experts in these circumstances.  E.g., Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este, 2006 U.S.App.LEXIS 20257 (1st Cir. 2006).  See also Ruhland v. Walter Kidder Portable Equipment, Inc., 179 F.R.D. 246 (D. Wis. 1998), wherein expert witnesses were excluded as a sanction for untimely and improper submission of expert reports, which had been filed more than two months after the filing date mandated by the pretrial order.  The reports failed to set forth the experts' qualifications, compensation or prior litigation experience.  The missed deadlines and incomplete disclosures were not harmless error.  The timing had been calibrated to permit defendant time to respond.  Plaintiffs could not appropriate that time to themselves.

WHEREFORE, defendants move for an order prohibiting plaintiff's use of Doug Maxwell and James G. DiChaira as witnesses and/or for such other relief as the Court deems right and just.

                                                  Respectfully submitted,
By their Attorneys,

| s/ David D. Dowd | s/ Jocelyn M. Sedney |
|---|---|
| David D. Dowd, BBO#132660 | Jocelyn M. Sedney, |
| Curley & Curley, P.C. | Brody Hardoon Perkins & Kesten |
| 27 School Street, Suite 600 | One Exeter Plaza |
| Boston, MA  02108 | Boston, MA  02116 |
| (617) 523-2990 | |
| Attorney for Paquette Electrical Company, Inc. | Attorney for Fire Suppression Systems of New England, Inc. |

| s/ Gordon L. Sykes | s/ Kathleen C. Tulloh Brink |
|---|---|
| Gordon L. Sykes, Esquire | Kathleen C. Tulloh Brink, Esquire |
| Morrison Mahoney LLP | Law Offices of Jacqueline L. Allen |
| 10 North Main Street | 262 Washington Street, Suite 601 |
| Fall River, MA  02720 | Boston, MA  02108 |
| Attorney for Fire Systems, Inc. | Attorney for Pro Con, Inc. |

Date:  August 29, 2006

I, David D. Dowd, hereby certify that I served a true and correct copy of the foregoing pleading electronically to:

        Erik Loftus, Esquire
        Law Offices of Stuart Blackburn
        2 Concorde Way, P.O. Box 608
        Windsor Locks, CT  06096

Date:  August 29, 2006                    s/  David D. Dowd,
                                                  David D. Dowd