UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br>As Subrogee of Hodan Properties, Inc.<br>    Plaintiff<br><br>Vs.<br><br>FIRE SYSTEMS, INC.,<br>FIRE SUPPRESSION SYSTEMS OF<br>NEW ENGLAND, INC.,<br>PRO CON, INC.<br>and BRIERE & PAQUETTE, INC. f/k/a<br>PAQUETTE ELECTRIC CO., INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NUMBER <u>04-11578 PBS</u>** |

### DEFENDANT, FIRE SYSTEMS, INC.'S, OBJECTIONS TO PARTIES' PROPOSED WITNESSES AND EXHIBITS

In accordance with Judge Sorokin's Order dated June 1, 2006, the defendant, Fire Systems, Inc., object to the following parties' witnesses and exhibits:

**Plaintiff's Witnesses**

3.   Doug Maxwell. This expert witness was not disclosed by the plaintiff until August 21, 2006, and had never been previously named in its answers to expert interrogatories or the plaintiff's disclosure of expert witnesses on January 3, 2006.

9.   James G. DiChaira. This expert witness was not disclosed by the plaintiff until August 21, 2006, and had never been previously named in its answers to expert interrogatories or the plaintiff's disclosure of expert witnesses on January 3, 2006.

**Plaintiff's Exhibits**

6. Fungal remediation plan, testing, and reports. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

8. Photographs of damage. The defendant objects to any photographs not previously disclosed and produced.

9. Photographs of loss area and alarm suppression system. The defendant objects to any photographs not previously disclosed and produced.

10. Sworn Statement of Loss "Building". The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

11. Sworn Statement of Loss "Contents". The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

13. Contents Inventory. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

15. Covino invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

16. Envirotech invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

18. Purchase orders for replacement items. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

19. Mobile Mini Invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

20. Home Depot maintenance warehouse invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

23. Replacement quotes. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

24. Coast to Coast Invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

25. Hydro-Environmental Technologies invoices. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

28. Canal Carpets invoice. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

30. ABC Disposal invoice. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

31. Home Depot invoice. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

35. Business Income Loss Summary. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

36. Business Income and Extra Expense Summary. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

37. Statement of loss. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

38. Swerling Milton Winnick adjustment report. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

39. Stoner & Co. invoice and estimates. The plaintiff has failed to name an expert witness to testify on this subject in a timely manner.

The defendant further objects to the Plaintiff's entire 26(a)(3) Supplemental Pretrial Disclosures as they were filed on August 29, 2006. Pursuant to the Court's Order dated June 1, 2006, all such disclosures were to be filed by August 19, 2006 (extended to August 21, 2006, given that August 19, 2006 was a Saturday). Therefore, the plaintiff's supplemental disclosures should be stricken in their entirety.

**Fire Suppression Systems of New England, Inc.'s ("FSS") Witnesses**

1. The former owner of the Residence Inn. FSS has failed to properly identify the witness.

2. All named defendants. FSS has failed to properly identify the witnesses.

9. David Bouchard of Fire Consulting Associates, Inc. The defendant reserves its right to object to this witness as the parties have not yet conducted his deposition.

14. Those individuals identified in Plaintiff's Automatic Disclosure. FSS has failed to properly identify the witnesses or identify whether all or some of such disclosed individuals are expected to testify.

**Fire Suppression Systems of New England, Inc.'s ("FSS") Exhibits**

1. All photographs taken by all experts, all photographs taken by FSS employees following the loss and videotape taken by FSS after the loss. The defendant objects to any photographs and/or videotape not previously disclosed and produced.

2. All FSI documents regarding the inspection repair and maintenance of the Residence Inn, print off of alarm/trouble history of the panel, original disc for printout of data from panel. The defendant objects to the aforementioned exhibits on the basis that FSS has

failed to properly identify "[a]ll FSI documents" with specificity. The defendant further objects to the original disc as it is an irrelevant exhibit at trial given the availability of the print off of such data contained within the disc.

4. All FSS records regarding installation, testing, certification for the fire suppression system at Residence Inn. The defendant objects on the basis that FSS has failed to properly identify the aforementioned exhibits with specificity.

5. All TEC records. The defendant objects on the basis that FSS has failed to properly identify the aforementioned exhibits with specificity.

(sic) All Paquette Electric records. The defendant objects on the basis that FSS has failed to properly identify the aforementioned exhibits with specificity.

6. All expert reports. The defendant objects on the basis that FSS has failed to properly identify the aforementioned exhibits with specificity and such reports are inadmissible.

The defendant further objects to FSS's entire Supplemental Disclosure Per Order Setting Case For Trial as it was filed on August 25, 2006. Pursuant to the Court's Order dated June 1, 2006, all such disclosures were to be filed by August 19, 2006 (extended to August 21, 2006, given that August 19, 2006 was a Saturday). Therefore, FSS's supplemental disclosures should be stricken in their entirety. Should the court allow FSS's supplemental disclosures, the defendant reserves its right to make further objections including but not limited to the following:

11. Edited disc of download panel history. FSS has failed to provide the defendant with a copy of the edited disc or information with respect to the edits made and the defendant further objects as it is an irrelevant exhibit at trial; and

12. Edited alarm history printout. FSS has failed to provide the defendant with a copy of the edited alarm history printout.

**Pro Con, Inc.'s Witnesses**

The defendant objects to Pro Con, Inc. calling any expert witness not set forth in its List of Witnesses and Exhibits filed with the Court on August 21, 2006.

**Pro Con, Inc.'s Exhibits**

None.

**Paquette Electric Company, Inc.'s ("Paquette") Witnesses**

The defendant objects to Paquette's entire Rule 26(a)(3) Disclosure of Witnesses (included exhibits) as it was filed on August 23, 2006. Pursuant to the Court's Order dated June 1, 2006, all disclosures of witnesses and exhibits were to be filed by August 19, 2006 (extended to August 21, 2006, given that August 19, 2006 was a Saturday). Therefore, Paquette's disclosures should be stricken in their entirety. Should the court allow Paquette's witnesses, the defendant reserves its right to make further objections including but not limited to the following:

8. David Bouchard. The defendant reserves its right to object to this witness as the parties have not yet conducted his deposition.

**Paquette Electric Company, Inc.'s ("Paquette") Exhibits**

The defendant objects to Paquette's entire Rule 26(a)(3) Disclosure of Witnesses (included exhibits) as it was filed on August 23, 2006. Pursuant to the Court's Order dated June 1, 2006, all disclosures of witnesses and exhibits were to be filed by August 19, 2006 (extended to August 21, 2006, given that August 19, 2006 was a Saturday). Therefore, Paquette's

disclosures should be stricken in their entirety. Should the court allow Paquette's exhibits, the defendant reserves its right to make further objections including but not limited to the following:

9. Copy of disk from C. Barrett. The defendant objects to the relevancy of this exhibit;

10. Edited disk. Paquette has failed to provide the defendant with a copy of the edited disk or information with respect to the edits made and the defendant further objects as to its relevancy; and

11. Edited alarm history printout. Paquette has failed to provide the defendant with a copy of the aforementioned exhibit.

The defendant reserves the right to additional objections as to all parties' witnesses and exhibits.

FIRE SYSTEMS, INC.

By its Attorneys,

/s/ Gordon L. Sykes
Gordon L. Sykes
BBO #555580
10 North Main Street
Fall River, MA  02720
(508) 677-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2006.

      /s/ Gordon L. Sykes