## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------

FIREMAN'S FUND INSURANCE      :
COMPANY      :
       Plaintiff      :      CIVIL ACTION NO.
     :      04-11578 PBS
       v.      :
     :
     :
FIRE SYSTEMS, INC.;      :
FIRE SUPPRESSION SYSTEMS OF      :
     NEW ENGLAND, INC;.      :
PRO CON, INC.; and      :
PAQUETTE ELECTRIC COMPANY, INC.      :
       Defendants      :      AUGUST 31, 2006

---------------------------------------------------------

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY

Now comes the Plaintiff, Fireman's Fund Insurance Company, and respectfully objects to the Defendant Fire Suppression System's Motion to Preclude Plaintiff's Expert Testimony. In support hereof, the Plaintiff states that it was not under a duty to disclose the existence of the pipe fitting under the Federal Rules without specific request, that undersigned counsel for the Plaintiff was not aware of the existence of this pipe fitting, that undersigned counsel for the Plaintiff made the pipe fitting available as soon as possible upon discovery of its existence, that the fitting itself is lacking the significance ascribed to it by Defendant Fire Suppression Systems (hereinafter "FSS"), and that the requested sanction would cause prejudice to the Plaintiff's case far in excess of any prejudice incurred by the Defendant FSS.

### I.    Factual Background

The Plaintiff hereby adopts the facts as set forth by the Defendant FSS in its Memorandum of Law in Support of its Motion to Preclude the Plaintiff's Expert Testimony.

## II.    Argument

On August 16, 2006, at the continued deposition of Thomas Klem, disclosed expert for the Defendant Fire Systems, Inc., a letter was produced which referenced the existence of a piece of piping that was being made available for inspection. This is the first time undersigned counsel for the Plaintiff and counsel for the Defendant FSS became aware of this fact. As such, an immediate oral request for the piping was made by Defendant FSS and undersigned counsel for the Plaintiff immediately began research to discover its location. On August 29, 2006, undersigned counsel for the Plaintiff located the piping and informed all other counsel that it was available for inspection and testing immediately. See letter dated August 29, 2006, attached as Exhibit A. The Defendant FSS has claimed that the Plaintiff was under a duty to disclose the existence of this fitting in its initial disclosures, and that failing to do so prejudiced the Defendant FSS. The Plaintiff respectfully disagrees with the Defendant FSS' position for the following reasons.

### a. The Plaintiff was not required to disclose the existence of this piping under the Federal Rules.

The Defendant FSS claims that F.R.C.P. 26(a)(1) required the Plaintiff to disclose the existence of this piping in its initial disclosures. As correctly quoted by the Defendant, F.R.C.P. 26(a)(1) requires that every party:

> "must, without awaiting a discovery request, provide to other parties:...(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party *and that the disclosing party may use to support its claims or defenses.*" (Emphasis added.)

This rule specifically states, in no ambiguous terms, that the Plaintiff was under a duty to disclose documents, data compilation and tangible things are in its possession that it may use to support its claims and defenses. The Defendant FSS has offered no evidence that would suggest

2

that the Plaintiff would have any perceived support for its case from this piping. The Plaintiff's expert, Richard Papetti, does not list the piping on his list of items relied on in forming his opinions. The Plaintiff has not listed the piping as an exhibit it intends to use at trial. Defendant Fire Systems Inc.'s expert, Thomas Klem, elected not to inspect the piping as he did not think it necessary.

The Defendant FSS claims that F.R.C.P. 26(a)(1) requires disclosure of tangible things that may be relevant to claims and defenses. This is misleading, as the rule requires disclosure of things that may support the *disclosing party's* claims or defenses. The piping at issue is half of an iron fitting that split as a result of this loss. It is uncontested that the loss originated in a frozen pipe.[1] A piece of the broken piping in no way lends support to this uncontested fact, and the Plaintiff was not under a duty to disclose it in its initial disclosures.

The Defendant FSS further claims that this piping was in the possession of the Plaintiff's expert, Richard Papetti. This is not the case and never was the case. An employee of Hodan Properties, Dan Wolf, whose office is located in New London, New Hampshire, retrieved the piping from the scene and stored it in his desk drawer together with other labeled piping remnants from other pipe freeze incidents at Hodan's other hotels. Mr. Wolf refused to allow Mr. Papetti to retain the piping but allowed pictures to be taken. As such, the piping was never directly in the possession of the Plaintiff.

It should be noted that Defendant FSS never submitted interrogatories or requests for production to the Plaintiff. Certainly, had the Defendant FSS requested the Plaintiff to identify

---

[1] The Defendant FSS's foreman on the repair work done after the loss, Jacinto Medieros, acknowledged in his deposition that portions of the piping in the attic had frozen and that a pipe fitting had burst off as a result. See deposition, Jacinto Medieros, attached as Exhibit B, at pgs. 25:24-26:13 and 83:3-84:20.

3

any tangible items related to the incident, the disclosure of this piping would have been necessary. Further, the Defendant knew the identity of the Plaintiff's expert Richard Papetti long before his formal disclosure, and not once during the two years of discovery requested his deposition or his file contents. Had they done so, they would have learned of the existence of this piping.

### b. Undersigned counsel for the Plaintiff was unaware of the existence of this pipe fitting and made it available for inspection shortly after its discovery.

There has been no evidence offered by Defendant FSS that undersigned counsel for the Plaintiff was aware of the existence of this piping prior to August 16, 2006, when Mr. Klem's deposition uncovered its existence. Mr. Klem was not the Plaintiff's expert, and the Plaintiff had no opportunity to review his file prior to August 16, 2006. Once undersigned counsel for the Plaintiff learned of the piping's existence and received an oral request for its inspection by the Defendant FSS, it immediately began researching the location of the piping. On August 29, 2006, undersigned counsel for the Plaintiff discovered where the piping was being kept and emailed a letter to the Defendants informing them it was available for inspection and testing immediately. See Exhibit A. The Plaintiff has made every effort necessary to comply with Defendant FSS' oral discovery request in a timely fashion.

It should be noted that the deadline for expert discovery, including depositions of such experts, concluded on October 15, 2005. The Defendant FSS chose not take the deposition of the Plaintiff's expert and chose not to conduct the expert deposition of Thomas Klem until almost 10 months after the deadline. Had those expert depositions been conducted in accordance with the scheduling order, the existence of this piping would have been discovered in a timely

4

manner and would have been made available for inspection much longer than three weeks prior to trial.

### c. The pipe fitting lacks the significance ascribed to it by the Defendant FSS.

The Defendant FSS repeatedly claims that it was prejudiced by the Plaintiff's failure to disclose the existence of the piece of piping at issue. However, as noted above, there is no dispute that this loss originated in a frozen pipe. The Defendant FSS' foreman on the installation of the piping and repairs after the loss, Jacinto Medieros, acknowledged in his deposition that the loss was caused by frozen piping. See footnote 1. The simple fact that this piece of piping is believed to be from the vicinity of where the line burst does not make it more or less probative of any fact that relates to the Defendant FSS' potential liability.

The Defendant FSS claims it would have hired a metallurgist to inspect and test the piping. This claim is unconvincing as a metallurgist would simply be able to determine whether the piping was defective in its making. There has been no claim that the piping was defectively made. In fact, if it were determined that the piping was defectively made, the Defendant FSS would face greater liability exposure as the installer of the defective piping. The timing of when the water was introduced to the piping is an important factor in this case, but the Defendant FSS has offered no basis for claiming that disclosure of this piece of piping would support or refute any timing issues.

The Defendant FSS' claims of prejudice center on this hypothetical scenario in which this piece of piping could prove to be the key for their defense. However, the Defendant has never offered a logical rationale for why this may be so. Indeed, the Defendant would rather leave the "what if" question in the hands of the Court instead of taking the opportunity given to make a determination of whether their hypothetical scenario has any merit. The Defendant FSS has

refused to inspect the piping, choosing instead to rest on its argument that the prejudice is incurable. See letter dated August 29, 2006, attached as Exhibit C.

### d. There are no spoliation issues

The Defendant FSS has prematurely claimed that the piece of piping at issue may not be located. As such, they have claimed that the Plaintiff is subject to sanctions for spoliation of the evidence. The Plaintiff has discovered the location of the piping and has offered it for inspection and testing to the Defendant. As such, there exists no spoliation of evidence issues.

### e. The resulting prejudice to the Plaintiff as a result of the Defendant's requested remedy far outweighs any prejudice to the Defendant.

The Defendant FSS has claimed that the minimum remedy that should be afforded it from the Plaintiff's non-disclosure of the piping is preclusion of its experts from the trial. The prejudice that would result to the Plaintiff if this were allowed far outweighs any prejudice to the Defendant that occurred as a result of the non-disclosure.

Exclusion of the Plaintiff's experts in this case is not mandatory under F.R.C.P. 37. Rather, the rule allows for other, less stringent, sanctions when the circumstances warrant such action. For example, in Daugherty v. Fruehauf Trailer Corp., 146 F.R.D. 129, 131 (E.D.Pa. 1993), the court denied the defendant's motion to strike four experts disclosed by the plaintiff six weeks after the deadline in the scheduling order, but ordered the plaintiff to be responsible for the costs to depose the experts. In this case, preclusion of the Plaintiff's expert testimony is not the appropriate remedy. When imposing discovery sanctions, the court should consider both the sufficiency of less stringent sanctions and the need for deterrence. See Satcorp Intern. Group v. China Nat. Import & Export Corp., 917 F.Supp. 271, 277 (S.D.N.Y. 1996), vacated in part, 101 F.3d 3 (1996).

If the Court were to preclude the Plaintiff's expert from testifying, the Plaintiff's case would be irreparably damaged. The Defendant FSS is well aware of this fact and this is why it has only offered preclusion of experts as the only remedy, despite the alternative options available under F.R.C.P. 37. As outlined above, the Plaintiff does not believe it was under a duty to disclose the piping in its initial disclosures, even if it been aware its existence. In addition, the piping itself is insignificant to the issues in this case, despite claims of the Defendant to the contrary. The claims of the Plaintiff, and the defense of Defendant Fire Systems Inc., are that Defendant FSS improperly installed the lines of this dry-pipe system, so that an incorrect pitch caused water to accumulate and eventually freeze. A mangled piece of pipe fitting will not prove or disprove whether the Defendant FSS was negligent in this respect, nor would it provide the basis for some previously unconsidered defense.

It is clear that the prejudice confronting the Plaintiff by the Defendant FSS' requested remedy far outweighs the prejudice to FSS as a result of the non-disclosure of the piping. As such, the Plaintiff would request the Court to consider other, less stringent sanctions if it finds that disclosure was required.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests this Court to deny the Defendant Fire Suppression Systems' Motion to Preclude the Plaintiff's Expert, or, in the alternative, impose alternative sanctions as allowed by Rule 37(c)(1) which will permit the experts to testify.

FIREMAN'S FUND INSURANCE COMPANY
By its attorneys,

/s/ Erik Loftus
Erik Loftus, Esquire (BBO# 656315)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096

7

If the Court were to preclude the Plaintiff's expert from testifying, the Plaintiff's case would be irreparably damaged. The Defendant FSS is well aware of this fact and this is why it has only offered preclusion of experts as the only remedy, despite the alternative options available under F.R.C.P. 37. As outlined above, the Plaintiff does not believe it was under a duty to disclose the piping in its initial disclosures, even if it been aware its existence. In addition, the piping itself is insignificant to the issues in this case, despite claims of the Defendant to the contrary. The claims of the Plaintiff, and the defense of Defendant Fire Systems Inc., are that Defendant FSS improperly installed the lines of this dry-pipe system, so that an incorrect pitch caused water to accumulate and eventually freeze. A mangled piece of pipe fitting will not prove or disprove whether the Defendant FSS was negligent in this respect, nor would it provide the basis for some previously unconsidered defense.

It is clear that the prejudice confronting the Plaintiff by the Defendant FSS' requested remedy far outweighs the prejudice to FSS as a result of the non-disclosure of the piping. As such, the Plaintiff would request the Court to consider other, less stringent sanctions if it finds that disclosure was required.

## **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests this Court to deny the Defendant Fire Suppression Systems' Motion to Preclude the Plaintiff's Expert, or, in the alternative, impose alternative sanctions as allowed by Rule 37(c)(1) which will permit the experts to testify.

> **FIREMAN'S FUND INSURANCE COMPANY**
> By its attorneys,
> /s/ Erik Loftus
> Erik Loftus, Esquire (BBO# 656315)
> Law Offices of Stuart G. Blackburn
> Two Concorde Way
> P.O. Box 608
> Windsor Locks, CT 06096
> (860) 292-1116

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

## CERTIFICATE OF SERVICE

-----------------------------------------------------

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | : | CIVIL ACTION NO.: 04-11578 PBS |
| | : | |
| v. | : | |
| | : | |
| FIRE SYSTEMS, INC.; | : | |
| FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.; | : | |
| PRO CON, INC. | : | |
| and | : | |
| PAQUETTE ELECTRIC COMPANY, INC.: | | |
| Defendants | : | AUGUST 31, 2006 |

-----------------------------------------------------

I hereby certify that on **August 31, 2006**, a copy of foregoing **PLAINTIFF FIREMAN'S FUND'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT FIRE SUPPRESSION SYSTEMS' MOTION TO PRECLUDE EXPERT TESTIMONY** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Erik Loftus, Esq.
Erik Loftus,
BBO# 656315)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116