IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>  Plaintiff<br><br>v.<br><br>FIRE SYSTEMS, INC.;<br>FIRE SUPPRESSION SYSTEMS OF<br>  NEW ENGLAND, INC;.<br>PRO CON, INC.; and<br>PAQUETTE ELECTRIC<br>COMPANY, INC.<br>  Defendants | CIVIL ACTION NO.<br>04-11578 PBS<br><br><br><br><br><br><br><br><br>SEPTEMBER 1, 2006 |

---

### PLAINTIFF'S OBJECTION TO DEFENDANTS' JOINT MOTION TO PROHIBIT TESTIMONY FROM DOUG MAXWELL, BRUCE SWERLING, and JAMES DICHAIRA

Plaintiff, Fireman's Fund Insurance Company, by and through its undersigned attorney, hereby objects to the Defendants' Joint Motion to Prohibit the Plaintiff's Damages Expert Witnesses, Doug Maxwell, Bruce Swerling[1] and James DiChaira, and submits the following memorandum in support thereof.

The Plaintiff acknowledges that its disclosures pursuant to F.R.C.P. 26(a)(2)(A) were submitted after deadlines imposed by the Court, but contends that this error was harmless under F.R.C.P. 37(c)(1) and that exclusion of the

---

[1] The Defendants have not, as of the date of this objection, filed a motion to prohibit the testimony of Bruce Swerling. However, based on their motion to prohibit the testimony of Doug Maxwell and James DiChaira, it is anticipated that such a motion will be forthcoming. The Plaintiff has consolidated its objection to the Defendants' motion and anticipated motion as the arguments will be identical.

Plaintiff's experts is not the appropriate remedy in light of the circumstances of this case. Further, the expert disclosures as submitted were not inadequate under F.R.C.P. 26(a)(2)(A).

## BACKGROUND

On July 12, 2004, the Plaintiff filed a multi-count complaint against the Defendants sounding in negligence and breach of contract stemming from a frozen pipe break to the Plaintiff's insured's hotel in North Dartmouth, Massachusetts.

On October 21, 2004, the Plaintiff filed its F.R.C.P. 26(a) Initial Disclosures in which it identifies Doug Maxwell and Bruce Swerling as individuals who possess discoverable information and their public adjuster reports were contained in the attached documents. In addition, James DiChaira's business interruption calculations were contained in the attached documents. See Exhibit A, attached hereto.

On September 12, 2005, the Plaintiff submitted its responses to the Defendant Fire Systems Inc.'s interrogatories and requests for production.[2] See Exhibit B, attached hereto. Interrogatory number 8 requests:

> "Please name all individuals or companies who inspected the building and/or alleged damages at any time subsequent to the incident on January 19, 2003, and state whether a written report(s) was provided by these individuals indicating the date and contents of any such report(s). "

In response to this interrogatory, the Plaintiff listed both Magnan Graizarro & Associates CPA's, LLC, the employer of James DiChaira, and also Swerling Milton Winnick, at that time the employer of Doug Maxwell and Bruce Swerling.

---

[2] It should be noted that this was the only set of interrogatories and requests for production received by the Plaintiff by any of the Defendants in this case.

2

In addition, despite having produced their respective reports for the initial disclosures, the Plaintiff once again submitted a compact disc containing copies of all reports generated by Doug Maxwell, Bruce Swerling and James DiChaira in response to these discovery requests. These discovery responses were served on all the Defendants in this case.

On August 21, 2006, the Plaintiff filed a formal F.R.C.P. 26(a)(2)(A) expert disclosure for both Doug Maxwell and James DiChaira. On August 29, 2006, the Plaintiff filed a formal F.R.C.P. 26(a)(2)(A) expert disclosure for Bruce Swerling. Each disclosure contained information sufficient to satisfy the language of F.R.C.P. 26(a)(2)(A). The Defendants' Motion to Prohibit the Expert Testimony was filed on August 29, 2006.

## LEGAL ARGUMENT

It is uncontested that the Plaintiff failed to formally identify its damages experts by the deadlines set forth in the Court's scheduling order. As correctly noted by the Defendant, Federal Rule of Civil Procedure 37(c)(1) states that:

> "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1) . . . is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. *In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.*" (Emphasis added.)

Exclusion of the Plaintiff's experts in this case is not mandatory under Rule 37. Rather, the rule allows for other, less stringent, sanctions when the circumstances warrant such action. For example, in Daugherty v. Fruehauf Trailer Corp., 146 F.R.D. 129, 131 (E.D.Pa. 1993), the court denied the

3

defendant's motion to strike four experts disclosed by the plaintiff six weeks after the deadline in the scheduling order, but ordered the plaintiff to be responsible for the costs to depose the experts. In this case, preclusion is not the appropriate remedy. When imposing discovery sanctions, the court should consider both the sufficiency of less stringent sanctions and the need for deterrence. See Satcorp Intern. Group v. China Nat. Import & Export Corp., 917 F.Supp. 271, 277 (S.D.N.Y. 1996), vacated in part, 101 F.3d 3 (1996).

### A.   The Plaintiff's Failure to Disclose its Experts in a Timely Fashion was Unintentional and Innocent and its Experts Should Not Be Excluded.

The Plaintiff's complaint in this matter is, in essence, a negligence action against the Defendants, who are alleged to have either negligently installed the sprinkler system or negligently serviced the sprinkler system at the Plaintiff's insured's hotel. In general, this type of action requires the testimony of experts in order to establish liability on the part of the Defendants. The Plaintiff timely disclosed its liability expert, Richard Papetti. However, undersigned counsel for the Plaintiff was not aware that it was required to also disclose persons not retained as experts but whose testimony regarding the damages could be construed as expert testimony.

Shortly after the loss, the Plaintiff's insured retained the services of Bruce Swerling and Doug Maxwell to act as public adjusters for the loss and to submit their estimates of damages to the Plaintiff. The Plaintiff retained James DiChaira to offer a counter analysis to Bruce Swerling's business interruption claim

calculations in order to effectively strike a settlement with its insured. None of these individuals were retained with a view towards using their testimony at litigation. On October 21, 2004, shortly after the Plaintiff instituted this suit, initial disclosures were made to the Defendants specifically identifying Mr. Maxwell and Mr. Swerling as individuals with information concerning the incident as well as copies of their reports. Mr. DiChaira was not specifically identified at that time, but his report was included with the accompanying documents. Exhibit A.

On September 12, 2005, the Plaintiff's responses to the Defendant' Fire Systems Inc.'s Interrogatories and Requests for Production identified Mr. Swerling, Mr. Maxwell, and Mr. DiChaira's employers as companies investigating the damages, and again attached copies of their reports. Exhibit B.

The Plaintiff's failure to file a timely expert disclosure was due to the misconstruction of the federal rules by undersigned counsel. As such, the Plaintiff prays the Court will sustain its objection to the Defendants' motion or, in the alternative, choose a less onerous sanction as it is allowed to do under Rule 37(c)(1). Considerations of fair play may dictate that the court eschew the harshest sanctions provided by this rule where failure to comply with discovery requirements is due to mere oversight of counsel amounting to no more than simple negligence. Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (C.A.N.Y. 1979).

    B.    Plaintiff's Failure to Disclose its Experts in a Timely Fashion is Harmless Under Rule 37(c)(1).

Throughout this case, there have been deviations from the Court's original and revised scheduling orders. Discovery has been loose and cordial in almost all respects between the parties. There have been over eleven depositions as of the date of this motion, with the most recent depositions occurring on August 9, 16, 29, and 31, well after the close of discovery. The Plaintiff has advised the Defendants that any and all of its damages witnesses are available for immediate deposition, but the Defendants have not elected to take that opportunity. See letter dated August 29, 2006, attached as Exhibit C. The trial is scheduled to commence September 18, 2006. Based on the sheer amount of last minute discovery being conducted by the Defendants with the Plaintiff's consent, there is no legitimate reason why the depositions of these individuals cannot be had if truly necessary to the Defendants' case.

F.R.C.P. 37(c)(1) allows an exception to the harsh sanction of exclusion when the failure to timely disclose is "harmless." There has been no definitive standard for application of that portion of the rule, and the appellate courts have consistently ruled that the determination of the imposition of sanctions under Rule 37 is within the discretion of the trial court. Boardman v. National Medical Enterprises, 106 F.3d 840, 843 (C.A.Mo. 1997).

Despite the lack of clear guidelines, the court in Lund v. Citizens Financial Group, Inc., 1999 WL 814341 (D.N.H. 1999), determined that a party's failure to disclose will rise to the level of harmless when the undisclosed information was known to all parties. See Exhibit D, attached hereto. As previously noted, the Defendants were on notice of Mr. Maxwell and Mr. Swerling's identities and

6

reports and Mr. DiChaira's report as of the time of the Plaintiff's initial disclosures in this matter. The Defendants were again put on notice of Mr. Maxwell, Mr. Swerling and Mr. DiChaira's involvement and reports by virtue of the Plaintiff's responses to written discovery. Indeed, final reports identified and submitted to the Defendants as evidence to be used at the trial in this matter are identical to the reports produced on both prior instances.

In its Motion to Prohibit Plaintiff's Expert Witnesses, the Defendants state "On August 21, 2006, mere weeks before trial and after foreclosure of new discovery, plaintiff, Fireman's Fund Insurance Company, filed and served disclosures of Doug Maxwell and James DiChaira as expert witnesses. This constituted the first disclosure, identification or mention of these persons as expert or fact witnesses. " In light of the aforementioned discussion and document exchange, this statement is misleading and untrue. The Defendants clearly knew the identities of Mr. Maxwell and Mr. Swerling and possessed the reports of Mr. DiChaira, Mr. Maxwell and Mr. Swerling as of the October 21, 2004 initial disclosures. The Plaintiff's September 12, 2005 responses to discovery requests further reinforced this knowledge. Furthermore, the Defendants have characterized this time period as after foreclosure of new discovery, yet a previously unidentified witness was deposed without objection by the Plaintiff on August 29, 2006, the date of their motion. As such, it is reasonable to believe that the Defendants knew the identities of these witnesses and the substance of their anticipated testimony, and it is unreasonable to believe that the untimely formal disclosure altered their defense in the least. It is also unreasonable to

7

believe that they are unable to conduct necessary depositions prior to the trial date.

Disregarding the Defendants' actual knowledge of the Plaintiff's damages experts for the moment, several courts have formulated a multi-prong standard for determining whether a discovery rule violation is harmless. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999); see also David v. Caterpillar, Inc., 324 F.3d 851, 857 (C.A.Ill. 2003). The David court enunciated the following factors that "should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." Id. (interpreting Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir. 1995).)

With respect to these factors, the Plaintiff has demonstrated that the Defendants have not been prejudiced or surprised by the untimely expert disclosure. Any prejudice claimed by the Defendants in their brief was caused, at least in part, by their own failure to conduct adequate discovery into the disclosures provided to them early on in the case. It should be noted that the Defendants have not once requested the deposition of any individual disclosed by the Plaintiff in its initial disclosures or responses to discovery, including the Fireman's Fund adjuster, liability expert, or its insured's representatives. The Plaintiff is ready to produce these experts for deposition immediately and have indicated as much to the Defendants, with no response. See Exhibit C. Finally,

8

the Plaintiff has not acted in bad faith in failing to disclose its experts by the scheduling order deadline. The Plaintiff did previously identify these witnesses and has twice provided the Defendant with copies of their reports. The Defendants have made no allegations of bad faith with respect to the untimely disclosure, and the Plaintiff has not benefited in any way from its violation.

### C. Plaintiff's expert disclosures were not inadequate in light of F.R.C.P. 26(a)(2)(A)

The Defendants have claimed that the expert disclosures as submitted by the Plaintiff were "woefully inadequate". This is incorrect as to this particular set of disclosures. F.R.C.P. 26(a)(2)(A) provides the following:

> "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."

F.R.C.P. 26(a)(2)(B) modifies this portion of the rule with the following language:

> "Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony*, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore;... the qualifications of the witness,... the compensation to be paid... and a listing of any other cases in which the witness has testified."

The Defendants have assumed that Mr. Maxwell, Mr. Swerling, and Mr. DiChaira were disclosed pursuant to the second quoted section of Rule 26, as they list as lacking items specifically required by F.R.C.P. 26(a)(2)(B). The Plaintiff however, has disclosed these individuals pursuant to F.R.C.P. 26(a)(2)(A) only, and indicated as much in the caption.

9

As noted above, Mr. Maxwell and Mr. Swerling were retained by the Plaintiff's insured as public adjusters to assist the insured in valuating their claim and submitting it to the Plaintiff. They were never retained by the Plaintiff specifically to provide expert testimony. In fact, they were never retained by the Plaintiff at all. Mr. DiChaira was retained by the Plaintiff in order to calculate a rebuttal business interruption value to Mr. Swerling's calculated amount. His retention was never intended to lead to expert testimony down the road, and indeed, Mr. DiChaira has never testified in any sort of expert capacity in the past. As such, by the express language of F.R.C.P. 26(a)(2)(B), that section does not apply to these individuals' disclosure and the requirements set forth therein need not be complied with.

It is the Plaintiff's intention to offer these individuals as fact witnesses, whose testimony may reach into the realm of expert testimony as provided by the Federal Rules of Evidence. As such, disclosure was made pursuant to F.R.C.P. 26(a)(2)(A). This section of the rule simply requires identification of individuals who may be called to offer testimony that may have expert components. As can be seen by the disclosures as filed, the Plaintiff has complied with this requirement and has, above and beyond the requirements of the rule, provided a brief statement as to what expert testimony is anticipated.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests this Court to deny the Defendant's Motion to Preclude the Plaintiff's Experts, or, in the alternative,

impose alternative sanctions as allowed by Rule 37(c)(1) which will permit the experts to testify.

                          THE PLAINTIFF,

                          By:/s/ <u>Erik Loftus, Esq.</u>
                          Erik Loftus, Esquire (BBO# 656315)
                          Law Offices of Stuart G. Blackburn
                          Two Concorde Way
                          P.O. Box 608
                          Windsor Locks, CT 06096
                          (860) 292-1116

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**CERTIFICATE OF SERVICE**

---------------------------------------------------------

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | : CIVIL ACTION NO.: : 04-11578 PBS |
| v. | : |
| FIRE SYSTEMS, INC.; FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC.; PRO CON, INC. and PAQUETTE ELECTRIC COMPANY, INC. Defendants | : : : : : : SEPTEMBER 1, 2006 |

---------------------------------------------------------

I hereby certify that on **September 1, 2006**, a copy of foregoing **PLAINTIFF'S OBJECTION TO DEFENDANTS' JOINT MOTION TO PROHIBIT TESTIMONY FROM DOUG MAXWELL, BRUCE SWERLING, and JAMES DICHAIRA** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Erik Loftus, Esq.
Erik Loftus, Esquire (BBO# 656315)
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116