# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIREMAN'S FUND INSURANCE COMPANY, )
As Subrogee of Hodan Properties, Inc. )
    Plaintiff )
)
Vs. )
) CASE NUMBER 04-11578 PBS
)
FIRE SYSTEMS, INC., )
FIRE SUPPRESSION SYSTEMS OF )
NEW ENGLAND, INC., )
PRO CON, INC. )
and BRIERE & PAQUETTE, INC. f/k/a )
PAQUETTE ELECTRIC CO., INC., )
    Defendants )
)
)

## PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED BY THE DEFENDANT, FIRE SYSTEMS, INC.

1. Please state your full name, date of birth, residence address, business or occupation, business address at time of the incident and at present, and the positions you held with the plaintiff company.

**ANSWER:**

    Joseph Franco
    Craig Insurance Services
    P. O. Box 40569
    Jacksonville, FL 32203-0569
    Senior Associate

2. Please identity each person who provided information relied upon in answering these interrogatories and specify by interrogatory number those interrogatories for which each such person provided information so relied upon.

**ANSWER:**

    Beyond the assistance of counsel – none.

3. Please state the name, address and occupation of any and all persons who have given statements, whether written or oral, concerning the facts of the incident alleged in the plaintiff's complaint, including the name and address of the person or entity in possession of said statements.

**ANSWER:**

Plaintiff objects to this Interrogatory on the basis that it is vague and that it requests information protected by the attorney work product doctrine and as materials prepared in anticipation of litigation. Without waiving this objection, Plaintiff has no specific knowledge of any recorded statement made concerning the facts of the incident alleged in the Complaint beyond those that have previously been provided in our initial disclosures.

4. Please state whether you or your agents, servants or employees had any conversations with any other parties regarding the incident alleged in the plaintiff's complaint, including:

   a. the date of said conversation;

   b. the names and addresses of all persons present at the time of said conversations; and

   c. the content of those conversations.

**ANSWER:**

Plaintiff objects to this Interrogatory on the basis that it is vague and that it requests information protected by the attorney work product doctrine and as materials prepared in anticipation of litigation. Without waiving this objection, Plaintiff has no specific knowledge of any such conversations that have take place beyond those made between the parties and Richard Papetti, P.E., during the course of his investigation.

5. Please identify all individuals employed at 181 Faunce Corner Road, North Dartmouth, Massachusetts who have information regarding the incident set forth in the plaintiff's complaint.

**ANSWER:**

To the best of the Plaintiff's knowledge, there are currently no individuals employed at 181 Faunce Corner Road, North Dartmouth, Massachusetts who have first-hand knowledge of the incident referenced in the Plaintiff's complaint. The current general manager, Shannon Smith, has been informed of the incident and has attempted to familiarize herself of the facts. However, the general manager at the time of the loss, William Roland, is no longer employed by Hodan Properties. The only other individual who may have knowledge of the incident is Herb Staniszewski, the Vice President of Operations for Hodan Properties, who is not employed at 181 Faunce Corner Road, North Dartmouth, Massachusetts.

6. Please state on which date the construction was completed for the building located at 181 Faunce Corner Road, North Dartmouth, Massachusetts; when the building became suitable for occupation and business; and when the building first became occupied by customers.

ANSWER:

Construction of the premises was completed in May, 2002. A certificate of occupancy was issued in May, 2002. The premises is believed to have first been occupied by customers in May, 2002.

7. Please state the date(s), if any, when the building was closed for business as a result of the incident on January 19, 2003.

ANSWER:

The building was closed for business completely on January 19, 2003 and January 20, 2003. After January 20, 2003, portions of the building were closed at various times for repairs. For an explicit breakdown of business loss claims, see business loss valuation records previously provided in our initial disclosures.

8. Please name all individuals or companies who inspected the building and/or alleged damages at any time subsequent to the incident on January 19, 2003, and state whether a written report(s) was provided by these individuals indicating the date and contents of any such report(s).

ANSWER:

Richard Papetti, P.E., inspected the building shortly after the loss to determine liability. His initial report has been previously produced. In terms of adjusting the insurance claim, the following individuals and/or companies were involved:

Magnan Graizarro & Associates CPA's, LLC
87 Summer Street, 5th Floor
Boston, MA 02110

Covino Environmental Associates, Inc.
300 Wildwood Avenue
Woburn, MA

Servicemaster (Various)

Swerling Milton Winnick
Public Insurance Adjusters, Inc.
36 Washington Street, Suite 310
Wellesley Hills, MA

9. Please identify any and all recorded or written reports, investigation, statements and photographs pertaining to the incident on January 19, 2003.

**ANSWER:**

Please see reports generated by individuals/companies as identified in interrogatory number 8, previously provided in our initial disclosures. Any updates will be included on the attached disc.

10. If repair was made to the premises after the alleged incident on January 19, 2003, please name all companies, parties or individuals who repaired the damage and for each company, party or individuals who made repairs, please provide a description of the repairs and list the detailed monetary amount of such repairs.

**ANSWER:**

Please see reports generated by individuals/companies as identified in interrogatory number 8, previously provided in our initial disclosures. Also, see other invoices as provided in our initial disclosures. Any updates will be included on the attached disc.

11. For each person whom you expect to call as an expert witness at trial, please state:

   a. the identity of each such person by giving his/her name, address, specialty and professional education and experience;

   b. the subject matter on which each such person is expected to testify; and

   c. the substance of the facts and opinions to which each such person is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER:**

The Plaintiff believes, at this time, that it will be calling Richard Papetti, P.E., as its expert liability witness. His C.V. and initial report have previously been provided. Opinions stated in that report are subject to change, at his discretion, once discovery is complete. Plaintiff will supplement this response in accordance with the scheduling order and the Federal Rules of Civil Procedure.

12. Please give a complete, itemized statement of all monetary damages, property damages, and/or consequential damages you allege to have sustained as a result of the events of which you complained in your complaint.

**ANSWER:**

Building damage / contents:   $1,583,501.76
Business Interruption:         $440,348.76
Business Consideration:        $20,000.00

Supports for those payments are included in Plaintiff's initial disclosures. Updates on those items will be attached to the Requests for Production.

13. Please name any and all individuals and/or companies who performed fire alarm, dry sprinkler, and fire suppression inspection or maintenance to the property located at 181 Faunce Corner Road, North Dartmouth, Massachusetts setting forth the dates and a description of all work performed.

**ANSWER:**

The Plaintiff objects to this interrogatory on the grounds that it is vague and outside the scope of permissible discovery. Without waiving this objection, the Defendant Fire Systems, Inc. performed all fire alarm, dry sprinkler and fire suppression inspection and maintenance between the time of the issuance of the certificate of occupancy and date of loss. It is believed that Fire Systems, Inc. was at the premises on November 20, 2002, December 10, 2002 and January 16, 2003.

14. Please state the amount of damages paid by Fireman's Fund Insurance Company to the Marriott Residence Inn or Hodan Properties, Inc.

**ANSWER:**

Damages paid by Fireman's Fund Insurance Company to its insured, as of date, total $2,043,850.52.

15. Please state all the dates on which Fire Systems, Inc. provided services to the Marriott Residence Inn or Hodan Properties, Inc. located 181 Faunce Corner Road, North Dartmouth, Massachusetts and provide a description of the work performed.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that the information sought is more readily obtainable by the requesting party and specifically within its own knowledge. Without waiving this objection, the Plaintiff believes that Fire Systems, Inc. was at the premises on November 20, 2002, December 10, 2002 and January 16, 2003 to perform maintenance and testing.

16. Please state with specificity which areas of the property were damaged as a result of the incident.

**ANSWER:**

See documents describing, in detail, damages to the premises. These documents were previously provided in the Plaintiff's initial disclosures.

17. Please state the factual basis for your allegations that Fire Systems, Inc. or any other person or entity breached any contract or agreement with the plaintiff.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that it seeks mental impressions of the Plaintiff's attorney, seeks information prepared in anticipation of litigation and materials protected by the attorney-client privilege and attorney work product privilege. Without waiving this objection, please see Richard Papetti's initial report dated April 28, 2003, previously provided.

18. Please state the factual basis for your allegations that Fire Systems, Inc. or any other person or entity was negligent.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that it seeks mental impressions of the Plaintiff's attorney, seeks information prepared in anticipation of litigation and materials protected by the attorney-client privilege and attorney work product privilege. Without waiving this objection, please see Richard Papetti's initial report dated April 28, 2003, previously provided.

19. Please identify all documents upon which you relied or to which you referred in responding to these interrogatories stating the interrogatory by number for each document.

**ANSWER:**

Plaintiff relied on adjustment and damage documents, and expert reports, that were previously provided to the Defendant as part of its initial discovery.

20. Please state whether any dry sprinkler lines/mains were found to be incorrectly pitched or sloped during any inspection subsequent to January 26, 2003.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that the information sought is more readily obtainable by the requesting party and specifically within its own knowledge. Without waiving this objection, the Plaintiff believes that Fire Systems, Inc.'s expert, Thomas Klem found incorrectly pitched piping during his subsequent examination. Also, during the December 1, 2004 inspection, it is believed that the inspecting experts (i.e., Klem, Papetti, and Bouchard) found pipes that were incorrectly pitched. The exact location of these pipes is unknown to the Plaintiff.

21. Please state whether any dry sprinkler lines/mains were re-pitched or re-sloped subsequent to January 26, 2003.

**ANSWER:**

The Plaintiff is unaware of any re-pitching or re-sloping of piping that has occurred since January 26, 2003.

22. If you allege that Fire Systems, Inc. was responsible for water in the dry system, please state in complete detail the factual basis for your allegations.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that it seeks mental impressions of the Plaintiff's attorney, seeks information prepared in anticipation of litigation and materials protected by the attorney-client privilege and attorney work product privilege. Without waiving this objection, please see Richard Papetti's initial report dated April 28, 2003, previously provided.

23. Please describe exactly where on the premises the inspector's test valve is located, in full detail and with reference to fixed objects and surroundings.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it is vague and the information sought is more readily obtainable by the requesting party. Without waiving this objection, it is the Plaintiff's understanding that the test valve referred to in this interrogatory could not be found during the experts' inspections. Further discovery from Fire Suppression Systems, Inc. is necessary to determine its exact location.

24. Please identify all persons and/or entities who have performed testing and/or inspection services of the fire suppression system from January 26, 2003, to the present.

**ANSWER:**

The Plaintiff objects to this interrogatory on the grounds that it is vague and outside the scope of permissible discovery. Without waiving this objection, it is the Plaintiff's understanding that the current provider of fire alarm and fire suppression systems testing and maintenance at the Residence Inn is:

Fire Suppression Systems of New England
70 Bacon Street
Pawtucket, RI


Dated: September 12, 2005

FIREMAN'S FUND INSURANCE CO.,

Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860-292-1116
860-292-1221 fax.
eloftus@sbcglobal.net
BBO# 656315

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FIREMAN'S FUND INSURANCE COMPANY, )
As Subrogee of Hodan Properties, Inc. )
   Plaintiff )
)
Vs. )
) CASE NUMBER 04-11578 PBS
)
FIRE SYSTEMS, INC., )
FIRE SUPPRESSION SYSTEMS OF )
NEW ENGLAND, INC., )
PRO CON, INC. )
and BRIERE & PAQUETTE, INC. f/k/a )
PAQUETTE ELECTRIC CO., INC., )
   Defendants )
)

## PLAINTIFF'S RESPONSES TO REQUESTS FOR THE PRODUCTION BY DEFENDANT FIRE SYSTEMS, INC.

## DOCUMENTS REQUESTED

1. All documents, reports, notices, or other correspondence related to any of the allegations in your complaint between you and:

   a. any of the defendants, their agents or employees;

   b. any of the contractors or subcontractors, their agents or employees who performed work at 181 Faunce Corner Road, North Dartmouth, Massachusetts; and

   c. any insurance company possibly providing insurance to the plaintiff for any portion of the loss sustained by the plaintiff as a result of the incident in the complaint.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

2. All bills, estimates, statements and other such documents concerning the damages and expenses sustained and incurred by the plaintiff as a result of the incident in the complaint.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

3. All written or other documentary evidence which relates to the issues of the plaintiff's damages.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

4. All applications, notices, proof of loss, reports, letters, correspondence or other documents sent or submitted by the plaintiff to any insurance company, agent, broker, adjuster or investigator dealing with any issue arising out of the incident.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

5. All statements of the plaintiff, its agents or employees, concerning the subject matter of the complaint other than those privileged or prepared in anticipation of litigation.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

6. All documents relating, commenting on, or constituting any statement of any of the defendants, or any agent or employee of the defendants.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

7. All contracts entered into by the plaintiff with either Pro Con, Inc., Paquette Electric Company, Inc., Fire Suppression Systems of New England, Inc. or Fire Systems, Inc. for the construction and maintenance of the property located at 181 Faunce Corner Road, North Dartmouth, Massachusetts.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery or through discovery from the other defendants. Despite this, a disc is enclosed with copies of those documents which appeared in the Plaintiff's initial disclosures.

8. All written or other documentary evidence which relates to the issue of the defendant, Fire Systems, Inc.'s liability.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

9. All written or other documentary evidence which tends to exonerate or exculpate the defendants, Fire Systems, Inc., Pro Con, Inc., Paquette Electric Company, Inc. and Fire Suppression Systems of New England, Inc.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

10. All written or other documentary evidence which tends to show that the conduct, by act or omission, of some third-party or persons, caused or contributed to the happening of the event or damages which form the subject matter of the complaint.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

11. All documents relating to any claim that the damages complained of in the complaint were caused by the negligence of any person or entity.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

12. All photographs relating in any way to the allegations contained in the complaint, including photographs depicting the damages, photographs depicting the scene of the incident or place of occurrence which is the subject matter of the complaint, and all photographs which the plaintiff intends to offer into evidence at trial.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

13. All diagrams, plans or drawings of any subject on which the plaintiff's complaint is based.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

14. All documents from each expert the plaintiff intends to call as a trial witness.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

15. All documents of any kind which the plaintiff intends to offer as evidence at trial.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents. These documents are incomplete as discovery is incomplete. Further liability reports are expected to be generated.

16. All contracts, invoices, agreements or other documents between the plaintiff and the defendants, Fire Systems, Inc., for services pertaining to the fire alarm and suppression system.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery. Despite this, a disc is enclosed with copies of those documents.

17. All inspection reports for the property located at 181 Faunce Corner Road, North Dartmouth, Massachusetts by any governmental agency or entity, or any private entity.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery or through discovery from the other defendants. Despite this, a disc is enclosed with copies of those documents which appeared in the Plaintiff's initial disclosures.

18. All invoices and/or work reports from any and all of the defendants.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery or through discovery from the other defendants. Despite this, a disc is enclosed with copies of those documents which appeared in the Plaintiff's initial disclosures

19. All inspection and/or testing of the fire suppression system performed by any entity prior to and subsequent to the occurrence.

**RESPONSE:**

Any documents called for by this request have previously been provided as part of the Plaintiff's initial discovery or through discovery from the other defendants. Despite this, a disc is enclosed with copies of those documents which appeared in the Plaintiff's initial disclosures

Dated: September 12, 2005

FIREMAN'S FUND INSURANCE CO.
By its Attorney,

_____
Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860-292-1116
860-292-1221 fax.
eloftus@sbcglobal.net
BBO# 656315

# CERTIFICATION

THIS IS TO CERTIFY THAT, I, JOSEPH FRANCO, have read the foregoing answers to Interrogatories and state that they are true and accurate to the best of my knowledge and belief under pains and penalties of perjury on this 7th day of Sept, 2005.

_____
Joseph Franco

STATE OF FLORIDA           )
                           ) ss:                          , 2005
COUNTY OF DUVAL            )

On this 7th day of SEPT, 2005, personally appeared Joseph Franco, who affirmed under oath and truth, to the best of his/her knowledge and belief, of the foregoing answers to interrogatories and also acknowledged his/her execution of the above.

In witness thereof, I hereunto set my hand and official seal.

Rebecca C. Simmons
Commission # DD318959
Expires May 22, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

_____
Notary Public

## CERTIFICATION

I hereby certify that the foregoing PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION has been mailed this 12th day of September, 2005, first class mail, postage prepaid to the following:

Gordon L. Sykes, Esq.
Morrison, Mahoney & Miller
10 North Main Street
Fall River, MA 02722
(Fire Systems, Inc.)

Jocelyn M. Sedney, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(Fire Suppression Systems of New England, Inc.)

Jon S. Hartmere, Esq.
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
(Pro Con, Inc.)

David D. Dowd, Esq.
Curley & Curley, PC
27 School Street
Boston, MA 02108
(Paquette Electric Co, Inc.)

Erik Loftus, Esq.