UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11578PBS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of Hodan Properties, Inc.<br><br>    Plaintiff,<br>vs.<br><br>FIRE SYSTEMS, INC.,<br>FIRE SUPPRESSION SYSTEMS OF<br>NEW ENGLAND, INC..,<br>PRO CON, INC.., and<br>BRIERE & PAQUETTE, INC. f/k/a<br>PAQUETTE ELECTRIC CO, INC.<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY BY DEFENDANT FIRE SUPPRESSION SYSTEMS OF NEW ENGLAND, INC. TO OPPOSITIONS TO ITS MOTION TO PRECLUDE EXPERT TESTIMONY AS A RESULT OF FAILURE TO DISCLOSE EVIDENCE AND SPOLIATION OF THAT EVIDENCE

Fire Suppression Systems of New England, Inc. (FSSNE) submits the following Reply in response to the Oppositions of the plaintiff, Fireman's Fund, and the co-defendant, Fire Systems, Inc. (FSI) filed in response to FSSNE's Motion to Preclude Expert Testimony. As grounds therefore, FSSNE addresses each of the arguments set forth in these oppositions as follows:

1.     FSSNE was requested by Hodan Properties, the owner of the Residence Inn in question, to immediately repair the dry pipe fire suppression system on

January 19, 2003 so that the Inn could re-open as soon as possible. FSSNE did that. FSSNE did not retain the piping that was involved in the incident. There was no reason to. No claims were asserted against it; no lawyers hired. Fireman's Fund on the other hand was contemplating litigation immediately. Within days Fireman's Fund retained an expert, Papetti, who examined the system, examined and took pictures of relevant materials and opined that FSSNE was not responsible for the incident. He found that FSI was responsible for the loss. See Papetti Report #1, **Exhibit A**.

2. Eleven months later, Papetti sent a letter to FSI's expert Klem confirming that Klem had been provided with an opportunity to examine a failed sprinkler but declined to do so. See Letter to Klem, **Exhibit B**.

3. When suit was filed, FSSNE retained Bouchard as an expert. FSSNE requested an opportunity to inspect the property involved in the loss. See Letter to Plaintiff Counsel dated October 18, 2004, **Exhibit C**. The inspection took place on December 4, 2004. No section of the piping was produced at that time. Papetti was there as was Klem and Bouchard. No one suggested or volunteered that a section of the piping involved was available for inspection.

4. It became apparent that Papetti had taken pictures at the scene shortly after the incident. Plaintiff produced Papetti's report with Xeroxed copies of photographs. FSSNE's counsel repeatedly requested that color photographs be supplied and requested confirmation that no other photographs were taken at the time. See exchange of emails attached as **Exhibit D**.

5.  On several occasions FSSNE requested that the plaintiff produce and/or confirm that it had produced the entire file from Residence Inn on any inspections or repair of the system. See letter dated March 27, 2006 confirming requests made, **Exhibit E**. Nothing was produced in response. Plaintiff explains in his opposition, for the first time, that unbeknownst to FSSNE, Hodan Properties retained the piping. Plaintiff did not even reveal that the piping had been found until the day after FSSNE filed this Motion.

6.  FSSNE first learned that any section of the piping was retained by any party or expert on August 16, 2006. See October 13, 2003 letter from GAB requesting that Klem examine the piping and establish a chain of evidence, **Exhibit F**. This report was withheld by FSI until the day of Klem's deposition.

7.  FSSNE made repeated requests for color photographs taken by Pappeti. Plaintiff claims that had FSSNE simply requested Papetti's complete file, FSSNE would have learned of the section of piping however he also says that Papetti never had it, nor relied upon it. He now says that Hodan has had it all along. A request for Papetti's entire file would not have revealed anything about the piping.[1] FSSNE did ask for everything Hodan had in relation to any installation or repair of the fire suppression system at the hotel and nothing was produced other than a few reports of FSI indicating that they tested they system.

8.  Both Fireman's Fund and FSI claim no responsibility for revealing the existence of the piping because it was not relied upon by their experts nor related to any claim or defenses. If the piping had been provided it could have provided some

---

[1] It is also unlikely that during the fact discovery the plaintiff would have handed over his expert's file. He had a hard enough time simply getting color photographs.

sort of exculpatory defense to FSSNE, it is not surprising therefore that their experts did not rely upon it.

9. FSI claims that FSSNE knew the whereabouts of the evidence throughout the litigation, that is simply false and unsupported.[2] FSI also claims that the fitting is not an issue in the case. His own expert claims that water in the fitting froze, caused the fitting to crack resulting in the loss. Clearly it is relevant and FSSNE should have been provided an opportunity to examine it and thoroughly explore whether it provided any additional defense in this case.

10. Fact and expert discovery is over. The parties are conducting the final expert depositions as permitted by the court. The parties are working towards compliance with the pre-trial order. For the plaintiff to suggest that FSSNE should now arrange for a laboratory to test it, arrange for a metallurgist to examine the piping all prior to trial only confirms and reinforces the prejudice to FSSNE. FSSNE does not want additional discovery or a continuance. The sanction appropriate to this case is preclusion of the expert testimony of those experts who had access to the piping that was not disclosed.

11. FSSNE's expert explained at his deposition on this past Thursday that the fitting may well indicate whether a small amount of water froze or whether the system was charged with water at the time of freezing. Each of these scenarios is discussed in detail by Papetti in his first and fourth reports. Clearly FSSNE should have been allowed to examine the piping in order to develop defenses if appropriate.

---

[2] FSI is also incorrect in claiming that FSSNE did not propound Interrogatories or Requests for Production of Documents to any party.

12. Discovery is not intended to be a cat and mouse game. The courts have frowned upon failure to disclose significant and relevant evidence on a timely basis. Com. v. Durham, 446 Mass. 212, 843 N.E.2d 1035 (2006)("Allowing the defendant to withhold [the ordered] evidence [in the form of written or recorded statements] against a witness who is certain to be called to testify would undermine the discovery rules and allow attorneys to return to trial by ambush. Theatrics do not accord with our discovery process."); Klonoski v. Mahlab, 156 F.3d 255, 269-271 (1st Cir.1998) (where a particular type of evidence serves both substantive and impeachment functions, the same is not covered by the exception to the Rule 26 discovery requirements); Reyes Canada v. Rey Hernandez, 233 F.R.D. 238(D.Puerto Rico,2005)("the Court hereby precludes in its entirety the use of the DE-16 forms as to all driver plaintiffs, and any other plaintiff not provided with the same upon discovery or prior to retrial. To allow introduction of the DE-16 evidence would only foster what has been condemned by the First Circuit, that is, trial by ambush."); Boucher v. Northeastern Log Homes, Inc., Not Reported in F.Supp.2d, 2005 WL 758470 (D.Me.,2005)("Since an important object of [the Federal Rules of Civil Procedure] is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information. Such a timetable promotes fairness both in the discovery process and at trial. When a party fails to comply with this timetable, the District Court has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony).").

13. FSSNE has been placed in an unfair and prejudicial position as a result of the plaintiff's failure to disclose the existence of relevant and potentially significant evidence. Despite requests in various forms including a request to examine the property, requests for production of the hotel's entire file and requests for photographs by expert Papetti, FSSNE was never informed of the existence of this evidence. Plaintiff and FSI should not be allowed to profit from this failure especially in light of the prejudice to FSSNE.

The defendant,

Fire Suppression Systems of
New England, Inc.
By its attorneys,


/s/Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
Peter E. Montgomery, BBO#632698
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: September 1, 2006